**STATE of Minnesota, Appellant,**

v.

**Debra L. COMBS, Cindy A. Werden, Respondents.**

**No. C1–86–1106.**

Court of Appeals of Minnesota.

Oct. 21, 1986.

Review Granted (State's petition) and Review Denied (Respondents' petition) Dec. 12, 1986.

Patrick W. Ledray, Prosecutor for St. Louis Park, Kenneth N. Potts, Asst. Pros. for St. Louis Park, Minneapolis, for appellant.

Craig E. Cascarano, Minneapolis, for Combs.

Dennis B. Johnson, Minneapolis, for Werden.

Heard, considered and decided by RANDALL, Presiding Judge, FOLEY, Judge, and HUSPENI, Judge.

## OPINION

FOLEY, Judge.

This is an appeal by the State from an order dismissing several charges against co-defendants Debra Combs and Cindy Werden. We agree with the trial court that the stop was unconstitutional but remand for trial.

## FACTS

On July 5, 1985 at about 10:00 p.m., St. Louis Park police officers were on plainclothes duty in an unmarked squad car in the parking lot of the Classic Motor Company, a bar and restaurant. They observed a blue Ford Bronco drive past them about 10 feet away. The female passenger held up a translucent plastic cup and put the cup to her lips. The Bronco continued out of the parking lot. Both officers had experience inspecting St. Louis Park bars; they believed the plastic cup was a type used by various bars to serve alcoholic beverages.

Suspecting a violation of the Open Bottle Law, the police officers stopped the vehicle. Based on events that followed, the passenger, respondent Cindy Werden, was subsequently charged with assault in the fourth degree, Minn.Stat. § 609.2231 (1984), an open bottle violation, Minn.Stat. § 169.122, subd. 2 (1984), obstructing legal process, Minn.Stat. § 609.50 (1984), and littering, Minn.Stat. § 169.42 (1984). The driver, respondent Debra Combs, was charged with fleeing a police officer, Minn.Stat. § 609.-487, subd. 3 (1984), assault in the fourth degree, Minn.Stat. § 609.2231, and an open bottle violation, Minn.Stat. § 169.122, subd. 3.

The assault, obstruction and fleeing charges stemmed from conduct by Combs and Werden which allegedly occurred after the stop. The complaint alleged that as one of the officers reached into the passenger window of the Bronco to retrieve the cup, Werden threw the cup onto the floor,

rolled the window up pinning the officer's arm and told Combs to "Go now, go." The officer had to run alongside the vehicle until he freed his arm by breaking the window. The Bronco was stopped again. Combs and Werden were placed under arrest but, according to police reports, Werden refused to leave the vehicle. It is alleged that a struggle followed during which Werden struck one of the officers.

The trial court dismissed all charges after finding that the stop was unconstitutional. The State appealed.

## ISSUES

1. Did the trial court err in ruling that the stop of respondent's vehicle was unconstitutional?

2. Did the trial court err in dismissing all charges against Combs and Werden?

## ANALYSIS

"An automobile stop is valid if the police who made the stop are able to articulate at the omnibus hearing that they had a 'particularized and objective basis for suspecting the particular persons stopped of criminal activity.'" *State v. Johnson*, 392 N.W.2d 685, 687 (Minn.Ct.App.1986) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)); *see also Berge v. Commissioner of Public Safety*, 374 N.W.2d 730, 732 (Minn.1985). "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity." *People v. Ingle*, 36 N.Y.2d 413, 420, 369 N.Y.S. 67, 74, 330 N.E.2d 39, 44 (1975) (quoted with approval by *Marben v. Department of Public Safety*, 294 N.W.2d 697, 699 (Minn. 1980) and *State v. Johnson*, 257 N.W.2d 308, 309 (Minn.1977)). We also recognize that "trained law-enforcement officers are permitted to make 'inferences and deductions that might well elude an untrained person.'" *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983) (quoting *Cortez*, 449 U.S. at 418, 101 S.Ct. at 695).

The trial court found that the police officers assumed the liquid in the cup was alcohol without any objective articulated facts. We cannot say that this determination was erroneous. The officers did not have a valid objective basis to suspect the cup contained an alcoholic beverage; the stop was the product of idle curiosity and mere assumptions not based on articulable facts. As the trial court stated: "If this stop were to be upheld, officers could stop any vehicle on the public highway in this area solely on the basis of a plastic cup. That is reprehensible."

The trial court did err, however, in dismissing all charges because of the invalid stop. It is well settled that even when police conduct an illegal arrest or search, evidence of a crime committed in response is not suppressed as a fruit of the prior illegality. 3 W. LaFave, *Search and Seizure* § 11.4(j) (1978 & Supp.1986). In *State v. Kittleson*, 305 N.W.2d 787, 789 (Minn.1981), the police entered a rooming house where they were met by defendant pointing a gun at them. On appeal, it was argued that the entry was illegal and that evidence of assault should have been suppressed. The supreme court disagreed and determined that the evidence had been properly admitted because "the exclusionary rule did not require suppression of the evidence of this assault on the officer even if the entry was in violation of [the fourth amendment]." *Id.; see also State v. Bale*, 267 N.W.2d 730, 732–33 (Minn.1978).

Accordingly, we remand for trial where Werden will face charges of assault and obstructing legal process[1] and Combs will face charges of assault and fleeing a police officer.

## DECISION

The trial court properly ruled that the stop of the vehicle was unconstitutional. However, the exclusionary rule does not

---

1. The littering charge is not reinstated because it was clearly connected to the alcohol-related offenses.

require that evidence of crimes committed in response to an illegal stop be suppressed. The case is therefore remanded for trial on charges of assault, obstruction and fleeing.

Affirmed in part, reversed in part and remanded for trial.