**STATE of Minnesota,
Petitioner, Appellant,**

v.

**Debra L. COMBS and Cindy A.
Werden, Respondents.**

**No. C1–86–1106.**

Supreme Court of Minnesota.

Jan. 9, 1987.

Patrick W. Ledray, Prosecutor for St. Louis Park, Kenneth N. Potts, Asst. Prosecutor, Minneapolis, for appellant.

Craig E. Cascarano, Dennis B. Johnson, Minneapolis, for respondents.

AMDAHL, Chief Justice.

The issue in this pretrial criminal appeal by the state is whether the trial court erred in concluding that an investigatory stop for a suspected open bottle violation was unjustified. The Court of Appeals agreed with the trial court that the stop was unjustified. *State v. Combs*, 394 N.W.2d 567 (Minn.Ct.App.1986). Holding that the stop was justified, we reverse the decision of the Court of Appeals to the extent that it is inconsistent with our decision and remand to the trial court for trial on the reinstated charges.

At 10:00 p.m. on Friday, July 5, 1985, two plainclothes officers of the St. Louis Park Police Department were in an unmarked squad car in the parking lot of the Classic Motor Company, a bar on the north side of Excelsior Boulevard, which runs east and west in St. Louis Park. The officers had their car backed into a stall and facing south so that they had a good view of the lot. Defendants—Debra Combs and Cindy Werden, both in their mid-20's—drove in front of the officers' car in an east to west direction in a 1984 Ford Bronco. From a distance of 10 feet the officers saw Werden, the passenger, put a translucent plastic cup with liquid in it to her lips. One of the officers, who regularly inspected the various liquor establishments in the area, recognized it as the type of cup used in the downstairs dance bar at the Classic Motor Company. Suspecting that the cup contained an alcoholic beverage and that the women were therefore in violation of the open bottle law,[1] the officers followed the vehicle out of the lot and then onto westbound Excelsior, eventually using their flashing red lights to stop it. One of the officers approached the passenger side of the stopped car and showed Werden his badge. Werden allegedly then threw the cup on the floor, rolled up the window, pinning the officer's arm, and told Combs to start driving. The officer had to run along side the moving vehicle until he freed his arm by breaking the window. During the ensuing chase, Werden threw the cup out, but police officers later found it and seized it. When police officers tried to arrest the two women, the women allegedly resisted arrest and assaulted the officers. Werden apparently later admitted to police that the cup contained vodka and tonic.

Combs was charged with an open bottle violation, assault and fleeing an officer, and Werden was charged with an open bottle violation, assault, obstructing legal process, and littering.

The trial court, ruling that the officers had no basis for stopping the women to investigate a possible open bottle violation, suppressed all the evidence and dismissed all the charges. The Court of Appeals agreed with the trial court that the investigatory stop was unjustified but

---

1. Under Minn.Stat. § 169.122 (1986) it is a misdemeanor for anyone, driver or passenger, to possess an open bottle containing intoxicating liquor or nonintoxicating malt liquor in any motor vehicle upon a public highway or for the owner or driver of such a vehicle to allow any passenger to possess an open bottle.

ruled that it was error to dismiss the assault charges against both women, the fleeing charge against Combs, and the charge of obstructing legal process against Werden. *Combs*, 394 N.W.2d at 569. Both the defendants and the state sought review. We denied the defendants' petition but granted the state's petition.[2] We conclude that the stop was justified and that it was error for the Court of Appeals to affirm the dismissal of the open bottle charges and the littering charge.

In *State v. Alesso*, 328 N.W.2d 685 (Minn.1982), a police officer at the State Fair saw two young men in an illegally parked car outside the Grandstand ramp late at night. The officer shined his flashlight in and saw that the men had plastic cups in their possession containing an amber-colored liquid. The liquid clearly was not a cola drink or 7–Up soda pop but conceivably could have been ginger ale. In the officer's experience, the area in question was one where, at that time of night, a large number of juveniles typically drink liquor and use drugs. He felt that the liquid was liquor. We held that the officer's information gave him *probable cause* to believe that the liquid was liquor and that the two men therefore were in violation of the open bottle law, and we held that—since the officer could have arrested the defendants and searched the car—he clearly was justified in requiring one of the men to give him his cup so that he could smell the liquid.

In the instant case the officers did not need *probable cause*. All they needed was a "particularized and objective basis for suspecting the particular persons stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The officers were entitled to make their assessment on the basis of "all of the circumstances" and to "[draw] inferences and [make] deductions—inferences and deductions that might well elude an untrained person." *Id.*

449 U.S. at 418, 101 S.Ct. at 695. The ultimate determinative issue on the stop question was whether the officers' suspicion or assumption that the cup they saw Werden drinking from contained liquor was reasonably inferable from "all of the circumstances."

■ The circumstances included: (a) it was 10 p.m. on Friday night, July 5— *i.e.*, late at night on a Friday during the long 4th of July weekend; (b) the women were observed driving in the parking lot of a bar that was still open; (c) the passenger, Werden, was observed with a translucent plastic cup with liquid in it next to her lips—*i.e.*, she apparently was drinking from the cup; and (d) the officers believed that the cup was the type of cup used in the downstairs dance bar at the Classic Motor Company. We conclude that these circumstances gave the officers an objective basis for *suspecting* that the women were in violation of the open bottle law and for deciding to make a limited investigatory stop to determine if that in fact was the case.

The trial court relied on the Court of Appeals' decision in *Berge v. Commissioner of Public Safety*, 370 N.W.2d 75 (Minn. Ct.App.1985), but we reversed that decision at 374 N.W.2d 730 (Minn.1985) because it erroneously concluded that an officer could not make a stop if he merely suspected or assumed a violation of the law. The trial court also erroneously relied on a Texas case to the effect that if the observed facts are consistent with innocent activity, then the stop is invalid, an approach that the United States Supreme Court has rejected even in the probable cause context. *See Illinois v. Gates*, 462 U.S. 213, 243–44 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983) (stating that "innocent behavior frequently will provide the basis for a showing of probable cause" and that in making a determination of probable cause

**2.** Although we did not grant defendants' petition, we note that the Court of Appeals correctly concluded that even if the stop was invalid, defendants still were not entitled to have the

assault and related charges dismissed. *State v. Wick*, 331 N.W.2d 769, 771 (Minn.1983); *State v. Kittleson*, 305 N.W.2d 787, 789 (Minn.1981).

"the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts.").

The Court of Appeals' decision, on the one hand, recognizes that "[a]ll that is required is that the stop not be the product of mere whim, caprice, or idle curiosity", *see Marben v. State, Department of Public Safety,* 294 N.W.2d 697, 699 (Minn.1980), quoting *People v. Ingle,* 36 N.Y.2d 413, 420, 369 N.Y.S.2d 67, 74, 330 N.E.2d 39, 44 (1975), but then proceeds to hold in effect that the stop in this case was the product of whim, caprice or idle curiosity. We disagree with the view that the stop was the product of whim, caprice or idle curiosity. Contrary to what the trial court and the Court of Appeals stated, upholding the stop in this case does not mean that the police may stop any vehicle on any public highway any time they see someone in the vehicle with a plastic cup containing a liquid.

In conclusion, we hold that the stop was justified and we conclude that it was error for the Court of Appeals to affirm the dismissal of the open bottle charges and the littering charge. The effect of our decision is to remand for trial on the original charges.

Reversed in part and remanded for trial.