**Geoffrey Gerard DALY,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C7–86–1983.**

Court of Appeals of Minnesota.

May 12, 1987.

Frederick Bohling, Burnsville, for Geoffrey Gerard Daly.

Hubert H. Humphrey, III, Atty. Gen., and Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Public Safety.

Considered and decided by CRIPPEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant's driving privileges were revoked for an implied consent violation. He petitioned for judicial review, and the trial court sustained the revocation. Appellant seeks review of the trial court's decision.

## FACTS

On May 5, 1986, at approximately 1:10 a.m., Police Officer Robert Larson was parked in his marked squad car in the parking lot of an Amoco Service Station in

the 9000 block of Lyndale Avenue South in Bloomington. Larson observed a vehicle, which he later learned was being driven by appellant, proceeding southbound on Lyndale. Larson then heard the horn on appellant's vehicle sound for a period of time he estimated to be five to six seconds, during which time appellant's vehicle traveled 200 to 300 feet. Larson didn't see other vehicles or pedestrians close to appellant's vehicle so as to create an emergency situation. Larson followed appellant's vehicle and stopped him for violation of the statute prohibiting unnecessary sounding of a horn, Minn.Stat. § 169.68.

After being stopped by Larson, appellant identified himself. Larson asked appellant why he sounded the horn on his vehicle; he replied that he was honking at a friend who was in the parking lot of a nearby bar. While talking with appellant, Larson noticed indicia of intoxication, gave him field sobriety tests, and requested that he submit to a preliminary breath test, which he failed. Larson formed the opinion that appellant was under the influence, and arrested him for driving while under the influence. Larson read the implied consent advisory to appellant and appellant agreed to take a breath test. The test gave a reported value of .12. Appellant's license was revoked and he petitioned for judicial review.

The trial court concluded, in relevant part, that the officer had articulable grounds to make an investigatory stop of appellant's vehicle based on his observations of appellant sounding the horn for an extended period of time, an apparent violation of Minn.Stat. § 169.68, the time of night, and all the other circumstances. It sustained the revocation, and appellant appeals from the order.

## ISSUE

Did the police officer have a particularized and objective basis for making a brief investigatory stop of appellant's vehicle?

## ANALYSIS

A police officer who stops a driver must have a "particularized and objective basis

for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981). The officer must make his assessment on the basis of "all the circumstances," and draw inferences and make deductions which "might well elude an untrained person." *Id.* at 418, 101 S.Ct. at 695. "These circumstances include the officer's general knowledge and experience, the officer's personal observations, information the officer has received from other sources, the nature of the offense suspected, the time, the location, and anything else that is relevant." *Appelgate v. Commissioner of Public Safety*, 402 N.W.2d 106, 108 (Minn. 1987).

The officer stopped appellant in this case for honking his horn in violation of the statute prohibiting unnecessary sounding of a horn, Minn.Stat. § 169.68. That statute provides, in relevant part:

The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn, but shall not otherwise use such horn when upon a highway.

Minn.Stat. § 169.68 (1984). The officer heard appellant honking his horn for five to six seconds, as the vehicle traveled 200 to 300 feet, at approximately 1:10 a.m. There were no other vehicles southbound in the area, and there were no pedestrians, bikes or other objects nearby. The officer testified he stopped the vehicle because of the violation of the statute; he wanted to determine whether the driver had some reason why he was honking the horn. The officer did not issue a ticket to the driver, although he testified it is his practice to issue citations when a driver causes a disturbance in this manner. The officer also testified he looks for signs of intoxication when he makes a stop at that time of night.

The appellant argues that this fact situation presents an instance of overreaching on the part of the police. He contends that allowing an officer to stop a motorist because he sounds his horn is an unreasonable interference with the motoring public. He also contends that the officer was not

sure of the basis for the stop, and asserts that the officer obtained the facts to support the stop after, rather than before, the stop.

Despite appellant's arguments to the contrary, the police officer had a specific and articulable basis for stopping appellant's car. The horn sounded for five to six seconds at 1:10 a.m. for no apparent reason, in violation of Minn.Stat. § 169.68. The stop was not merely for sounding the horn, but for doing so late at night, at length, and when there was no need to do so to give anyone a warning. Further, an experienced officer could have inferred that the driver may have been under the influence, when such conduct occurred at 1:10 a.m. The stop was not the basis of mere whim, caprice, or idle curiosity. *State v. Combs*, 398 N.W.2d 563, 566 (Minn.1987). The police officer properly made a brief, investigatory stop of appellant's car.

## DECISION

The trial court's order sustaining the revocation of appellant's driving privileges is affirmed.

Affirmed.