**STATE of Minnesota, Petitioner, Appellant,**

v.

**Richard Gregory NEEDHAM, Respondent.**

**No. C2–91–2506.**

Supreme Court of Minnesota.

Aug. 28, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John Remington Graham, Crow Wing

County Atty., and John J. Sausen, Asst. County Atty., Brainerd, for appellant.

John M. Stuart, State Public Defender and Cathryn Middlebrook, Asst. State Public Defender, Minneapolis, for respondent.

KEITH, Chief Justice.

The defendant is charged with arson. The issue on this pretrial state's appeal is whether the trial court was justified in suppressing defendant's confession pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court reasoned that suppression was required because the state, although eliciting testimony at the omnibus hearing that a *"Miranda* warning" was read to the defendant before the defendant was questioned, failed to elicit specific testimony as to the contents of the warning. The court of appeals affirmed. We reverse the decision of the court of appeals, vacate the suppression order, and remand to the district court for a reopened omnibus hearing at which the state will be free to establish, if it can, that the warning given defendant was adequate.

The fire, which caused an estimated $1 million in damages to a building in Brainerd that housed several businesses and a number of residential rental units, was set early on October 21, 1991. Police suspicion quickly focused on defendant, who was an employee of the owner of the building. Police questioned defendant noncustodially at 10:00 a.m. on the 21st. The defendant denied involvement in the crime. At 3:00 p.m. that day, police met defendant at his place of employment and asked him to accompany them voluntarily to the police station. When defendant had a "hives" or stress attack at the station, he was taken by the police to the hospital, where he was treated. At the hospital, defendant agreed to submit to a polygraph examination. After the examination, which was completed at 7:30 p.m., the officer who was with defendant "read" defendant "the *Miranda* warning." The defendant said he wanted to talk with his employer and an attorney before he talked further. The officer respected this and did not question the defendant.

On the way to the police station, the defendant volunteered that he would possibly speak to the police without an attorney but that he wanted to talk with his employer. The officer tried but failed to contact the employer. The defendant then said he would talk without talking to his employer. The officer again read the *"Miranda* warning" to the defendant and proceeded to take a taped statement from the defendant after first being careful to make a record that the defendant did not want to talk with an attorney or his employer before talking with the police.

At the start of the omnibus hearing, the defendant's attorney stated the issue for the omnibus court as follows: "Your Honor, the issue is the—are the statements in this case that were taken from Mr. Needham at a time that he was in custody, and we do challenge the taking of these statements." Asked by the trial court if he understood the issue, the prosecutor replied that he thought so.

The interrogating officer and the defendant then testified. The officer testified that he "read the *Miranda* warning" to defendant twice, once at the hospital and once at the police station, and that he had obtained a waiver. The transcript of the taped statement and copies of the police reports were offered and admitted in evidence. At one point when the prosecutor wanted to read from the transcript, which is typed on a form containing the full text of the *Miranda* warning, the trial court ruled that the document "speaks for itself." In the typed statement the officer expressly asked defendant if he had been "read the *Miranda* warning" from "a printed card"[1] if he understood it, and if it

---

1. In *State v. Crisler,* 438 N.W.2d 670, 672 & n. 2 (Minn.1989), we stated that police officers in Minnesota who read a standard form *Miranda* warning, such as the standard one prepared by former Hennepin County Attorney George M. Scott, need not fear a later determination by this court that the warning given was inadequate or misleading.

had been explained to him. The defendant replied in the affirmative indicating that he understood everything.

The officer's testimony at the omnibus hearing focused on the possible *Edwards* issue [*see Edwards v. Arizona,* 451 U.S. 477, 482–87, 101 S.Ct. 1880, 1883–86, 68 L.Ed.2d 378 (1981)] relating to defendant's initial request to speak with an attorney, followed by telling police that he wanted to answer questions without having talked with an attorney. Cross-examination by defense counsel focused on the medicine defendant took, on defendant's initial request for counsel, and on the officer's failure to contact an attorney once they arrived at the station (because, as the officer testified, the defendant said he did not want an attorney).

The defendant, in his direct testimony, said that he recalled the officer reading him his rights. The focus of defendant's testimony was on the medication which made him feel weary and on his claim that, in fact, he never said he would talk without an attorney present.

The parties were directed to and did file simultaneous omnibus hearing briefs on December 2, 1991. The state apparently thought the issues were those on which defense counsel's questioning at the omnibus hearing had focused: custody, *Edwards,* and the effect of the medication. Defense counsel raised, for the first time in his short letter brief, the question of whether an adequate warning had been given, pointing to the fact that the officer, in his testimony, did not relate for the record what the warning he read off the card actually said. The trial court ruled against the defense on every issue except this one, ruling that without such a testimonial recitation on the record, the state had not met its burden of proving by a preponderance of the evidence that the confession was validly obtained.

The court of appeals affirmed.

■ There are numerous specific issues that can be raised at a suppression hearing concerning the admission of confessions, including the following: was the defendant in custody; was there interrogation; was a warning of rights given; was the warning adequate; was there a waiver; did defendant invoke his right to silence or his right to counsel, and, if the latter, was the statement taken in violation of *Edwards* or did the defendant initiate further contact with police permitting questioning; and was the confession voluntary or coerced?

■ As stated in 1 W. LaFave and J. Israel, *Criminal Procedure* § 10.1(b) (1984), a pretrial motion to suppress should specify, with as much particularity as is reasonable under the circumstances, the grounds advanced for suppression in order to give the state as much advance notice as possible as to the contentions it must be prepared to meet at the hearing.

In practice, the defense counsel at the outset of an omnibus hearing often makes a rather general statement of the issues, as defense counsel did here. If defense counsel says, for example, that the defendant is challenging the manner in which the confession was obtained, the practice in many courts is to have the prosecutor call an officer to testify about the facts surrounding the taking of the statement. Defense counsel, on cross-examination, then focuses on the facts relating to the precise issues which seem to show some promise of success. The prosecutor, on redirect, typically asks the officer questions which expand on the facts related to these precise issues.

■ In this case, it was not clear to the prosecutor that the defense was contending that the warning admittedly given defendant was inadequate or incomplete. Indeed, the focus of the omnibus hearing was on other issues relating to the taking of the confession. It was not until the prosecutor received the defendant's omnibus hearing brief, filed simultaneously with the state's brief, that the prosecutor could know that the defense was making an issue of the adequacy of the warning given defendant. Arguably, the prosecutor at that point should have filed a motion to reopen the omnibus hearing in order to present evidence on this issue. Nonetheless, given the unique circumstances of this case, we conclude that a reopening of the omnibus

hearing is justified in order to give the state a full and fair opportunity to meet its burden of proving by a fair preponderance of the evidence that the *Miranda* warning given was adequate and that a valid waiver was obtained.

Reversed and remanded for a reopened omnibus hearing.

TOMLJANOVICH, J., dissents with an opinion, joined by WAHL, J.

TOMLJANOVICH, Justice (dissenting).

I respectfully dissent. I would affirm the court of appeals' decision and hold that the state had fair notice of the defense's challenge to the adequacy of the *Miranda* warning given to the defendant. The majority's unprecedented decision to reopen the omnibus hearing so that the state can have a second chance to carry its burden of proof is unwarranted.

The principle function of the warning required by the *Miranda* decision is to ensure that a suspect is aware of his or her constitutional rights. *State v. Merrill*, 274 N.W.2d 99, 106 (Minn.1978). Consequently, before the police may effect a custodial interrogation, they must apprise a suspect of the following:

(1) The suspect has the right to remain silent;

(2) Any statements made can and will be used against the suspect in a court of law;

(3) The suspect has the right to talk to an attorney before being questioned and to have the attorney present during questioning by police; and

(4) If the suspect is unable to afford to hire an attorney, one will be appointed for him or her without cost.

*Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966); *State v. Crisler*, 438 N.W.2d 670, 671 (Minn.1989). In order for statements made by a suspect during a custodial interrogation to be admissible, the state must prove that the suspect "was properly informed of [his or her] constitutional rights, has knowingly and intelligently waived the privilege against self-incrimination, and has made the statements freely and voluntarily."

*State v. Andrews*, 388 N.W.2d 723, 730 (Minn.1986) (quoting *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628); *see also State v. Fossen*, 312 Minn. 414, 255 N.W.2d 357, 361 (1977) (state carries the burden of establishing by a preponderance of the evidence that the requisite warnings were administered).

These warnings need not be given in the exact form set out in the *Miranda* decision. To satisfy constitutional scrutiny, the police merely need to "adequately and effectively" inform a suspect of his *Miranda* rights. *Miranda*, 384 U.S. at 467, 86 S.Ct. at 1624; *see also California v. Prystock*, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981) (*Miranda* does not require any "talismanic incantation" to satisfy its strictures); *Crisler*, 438 N.W.2d at 672 (the court set out the four warnings required by *Miranda* and stated that if those or "their equivalent" are used, the police need not fear a later determination that the warnings were inadequate). Although the interrogating officer testified at the omnibus hearing that he read the *Miranda* warning to the defendant twice, the record does not disclose what the officer considered a complete and suitable *Miranda* warning. At most, the record indicates that the officer discussed the defendant's right to counsel. This is not sufficient to satisfy the procedural safeguards guaranteed by *Miranda*.

The majority does not disagree that the state failed to carry its burden of proof; rather, the majority argues that the omnibus hearing should be reopened because the state did not have notice of the defense's intent to challenge whether adequate warnings were given. I believe the state had notice for two reasons. First, defense counsel stated that he was challenging the taking of the statements from the defendant. This alone should have put the state on notice. Second, the *Miranda* decision requires that the police "adequately and effectively" inform a suspect of his or her rights. I believe this standard puts the state on notice that the adequacy of the warning is an issue in every case where a

defendant challenges statements obtained during a custodial interrogation.

In either the civil or criminal context, when a party fails to carry its burden of proof it is improper for a court to take the remedial step of reopening a hearing to give that party another opportunity to make his or her case. I believe such a result is counterproductive to our system of justice.

WAHL, Justice (dissenting).

I join the dissent of Justice Tomljanovich.