**STATE of Minnesota, Respondent,**

v.

**Ryan Keith BALDUC, Appellant.**

No. C7–93–1310.

Court of Appeals of Minnesota.

April 12, 1994.

Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and KALITOWSKI and HARTEN, JJ.

## OPINION

HARTEN, Judge.

This appeal is from a judgment of conviction for receiving stolen property, a felony, and obstructing legal process, a misdemeanor. *See* Minn.Stat. §§ 609.53 and 609.50, subd. 1(1) (1990). We reverse the judgment and remand for further proceedings, if any, not inconsistent with this opinion.

## FACTS

In May of 1992, the St. Louis County Sheriff's Department received a report from a confidential informant (CI) that property stolen in recent burglaries could be found at appellant Ryan Balduc's residence in rural Carlton County. Based on this information, Deputy Dave Laurila applied for a search warrant. The search warrant application listed a number of specific items, with brand names and product identification numbers in some instances. The application related that the CI had reported seeing these items at the Balduc residence.

Deputy Laurila also prepared the search warrant itself. The warrant authorized the search of Balduc's residence for "the following described property and things:". The space provided for these items, however, was left blank.

The search warrant and search warrant application were signed the same day by a district court judge. Deputy Laurila and several Carlton County officers went to Balduc's house to execute the search warrant. Laurila testified that he took both the application and the warrant with him to Balduc's residence. Deputy Laurila testified that some of the documents were stapled together, although he could not say definitely which ones were stapled to which at the time the warrant was executed.

Police seized a number of items alleged to be stolen property, and Balduc was charged with receiving stolen property. He was also charged with obstructing legal process for discarding some growing marijuana plants during the deputies' execution of the search warrant. Deputy Laurila testified that he saw Balduc in the area at the time the marijuana plants were tossed out into the brush. The marijuana was not recovered.

Balduc challenged the admissibility of the evidence seized under the search warrant on a number of grounds, including the lack of a particularized description in the warrant. The district court issued an order denying all of Balduc's challenges to the admission of the evidence.

Defense counsel later wrote to the judge requesting that Balduc be allowed to expedite appellate review of the suppression issues by proceeding under *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). Under this procedure, as outlined in the letter, Balduc would waive his right to a jury trial, and stipulate to the state's case, thereby allowing him to appeal immediately from the judgment of conviction. Defense counsel reiterated this request when the matter was reassigned to a different judge. Balduc was sent copies of both letters.

The case was tried to the court based on the purported waiver of a jury trial, the *Lothenbach* stipulation, and some testimony

presented by the state. Balduc was not questioned at this proceeding about his waiver of a jury trial.

## ISSUES

1. Did Balduc waive the challenge to the particularity of the search warrant?

2. Can the search warrant application be read together with the warrant to satisfy the particularity requirement?

3. Did Balduc validly waive his right to a jury trial?

4. Should the evidence of obstructing legal process be suppressed?

## ANALYSIS

■ 1. The state contends that Balduc has waived his challenge to the lack of particularity in the search warrant by failing to raise that issue with specificity in a motion prior to the omnibus hearing. *See State v. Needham*, 488 N.W.2d 294, 296 (Minn.1992) (where state did not have advance notice of issues to be raised at omnibus hearing, it was proper to reopen hearing to allow state to present additional evidence). We disagree.

No formal defense motion was filed before the omnibus hearing. Defense counsel, however, did write a letter to the prosecutor giving notice that all usual omnibus hearing issues would be contested, and requesting that the police officers with relevant testimony be present to testify.

*Needham* states that a pretrial motion to suppress "should specify, with as much particularity as is reasonable under the circumstances," the particular grounds for suppression. *Id.* The *Needham* court remanded to reopen the omnibus hearing because the prosecutor had been prejudiced by being unable to elicit the relevant testimony and argue the pertinent issue. *Id.* at 296–97. *Needham*, however, goes on to state:

> In practice, the defense counsel at the outset of an omnibus hearing often makes a rather general statement of the issues, as defense counsel did here.

*Id.* at 296. We do not believe the supreme court intended to require a detailed defense omnibus hearing motion in all circumstances,

nor to require a finding of waiver where no prejudice is shown.

Here, Deputy Laurila was questioned on the contents of the search warrant and the warrant application, on whether the two were attached together, and on the other factors relevant to the particularity issue. Defense counsel briefed the issue after the hearing. This gave the prosecutor notice that the issue was contested, and she argued it in her brief. *Cf. id.* (where simultaneous briefs were filed, the prosecutor never had notice and an opportunity to argue an issue advanced by the defendant regarding the adequacy of the police officer's warning). We conclude that Balduc did not waive the challenge to the particularity of the search warrant description.

■ 2. The Fourth Amendment requires that a search warrant particularly describe the things to be seized. U.S. Const. amend. IV; *see also State v. Bonynge,* 450 N.W.2d 331, 334 (Minn.App.1990) ("particularity requirement was intended to invalidate general searches"), *pet. for rev. denied* (Minn. Feb. 21, 1990). It is undisputed that the search warrant contains no description of the things to be seized. The state argues, however, that the search warrant application can be used to cure the defect in the warrant and that the "good faith" exception to the exclusionary rule prevents suppression of the evidence seized.

> This court has held that
>
> an affidavit may be used to cure a deficient warrant if the affidavit and warrant are physically attached to one another and the warrant refers to the affidavit and incorporates it by reference.

*Bonynge,* 450 N.W.2d at 335 (citing *State v. Mathison,* 263 N.W.2d 61, 63–64 n. 2 (Minn. 1978) and *State v. Herbst,* 395 N.W.2d 399, 403–04 (Minn.App.1986)).

The search warrant application accompanied the warrant when the search was executed. There was testimony indicating that the two documents may have been stapled together. The search warrant, however, refers only to the "following described property and things" and the "above-described property." There is no explicit reference to the application. The warrant notes that Deputy Laurila's application was "duly presented and read by the Court," but this reference is in support of the probable cause requirement, and is not linked to the property description.

The two-part test cited in *Bonynge* may well be applied with some flexibility where, as here, the officer who prepared the warrant and application also executed the search warrant. *See generally* 2 Wayne R. LaFave, *Search and Seizure* § 4.6(a), at 242 (2nd ed. 1987) (executing officer's knowledge of place to be searched may help cure lack of particularity in that description); *cf. United States v. Decker,* 956 F.2d 773, 778–79 (8th Cir.1992) (search warrant which lacked particularized description of items to be seized was not cured by unattached affidavit which executing officers did not read). In this case, however, not only is it clear that the two-part incorporation test was not met, but Balduc himself, the subject of the search, was shown only the search warrant.

In *Rickert v. Sweeney,* 813 F.2d 907, 909 (8th Cir.1987), the Eighth Circuit Court of Appeals stated:

> An affidavit may provide the necessary particularity for a warrant if it is either incorporated into or attached to the warrant. Sufficient particularity may also be provided even if the affidavit is merely present at the search. In any event, some measure must be taken not only to limit the discretion of the executing officer *but also to inform the subjected person what the officers are entitled to take.*

(Emphasis added) (citations omitted); *see also United States v. Johnson,* 541 F.2d 1311, 1315 (8th Cir.1976) (specificity is required to give notice to the party searched), *cited in Bonynge,* 450 N.W.2d at 335.

Balduc received only a copy of the search warrant, with the space reserved for a description of the items to be seized left blank. He received no notice of "what the officers [were] entitled to take." *Rickert,* 813 F.2d at 909. Even if we could ascertain that the officers' discretion was sufficiently limited by Deputy Laurila's knowledge of the application, we must conclude that the search warrant was defective.

■ The state nevertheless argues that the "good faith" exception to the exclusionary rule should apply. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The "good faith" exception, however, has not been adopted in Minnesota. *See, e.g., State v. McCloskey,* 453 N.W.2d 700, 701 n. 1 (Minn.1990); *Herbst,* 395 N.W.2d at 404. Moreover, the Supreme Court has suggested the exception may not apply where the search warrant lacks any description of the items to be seized. *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421. The Supreme Court has applied the "good faith" exception on substantially different facts, where the search warrant contained an inadvertently erroneous classification of the items to be seized and the magistrate personally undertook to rewrite the warrant. *Massachusetts v. Sheppard,* 468 U.S. 981, 989–91, 104 S.Ct. 3424, 3428–29, 82 L.Ed.2d 737 (1984). Although we need not reach the issue, the warrant here appears to have been so "facially deficient," *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421, that the officers could not reasonably have presumed it to be valid.

Having determined that the search warrant was defective, we conclude that the district court erred in denying Balduc's motion to suppress the evidence seized pursuant to that warrant. We accordingly reverse the district court and hold that the evidence is suppressed.

■ 3. After his motion to suppress evidence was denied, Balduc purportedly waived his right to a jury trial, and stipulated to the state's case, a means of expediting appellate review allowed in *State v. Lothenbach,* 296 N.W.2d 854, 857–58 (Minn.1980). Balduc now argues that the *Lothenbach* stipulation was invalid because he did not personally waive his right to a jury trial. *See State v. Sandmoen,* 390 N.W.2d 419, 423–24 (Minn. App.1986) (defendant proceeding under *Lothenbach* must personally waive jury trial in writing or orally upon the record in open court). The state contends that *Sandmoen* is not controlling in light of *State v. Ford,* 276 N.W.2d 178, 183 (Minn.1979), in which the

supreme court held that an attorney's waiver of the defendant's right to a jury decision on the issue of entrapment was valid.

■ A defendant pleading the defense of entrapment has the option of presenting the issue to the jury as a factual issue or to the court as a matter of law, although based on the same factual elements. *State v. Grilli,* 304 Minn. 80, 87, 230 N.W.2d 445, 451 (1975). A defendant in other circumstances, however, has no option of splitting the case between different factfinders. Balduc purportedly waived his right to a jury trial on all issues. We conclude that *Sandmoen,* which specifically discusses and distinguishes *Ford,* is controlling authority in the *Lothenbach* situation. *See Sandmoen,* 390 N.W.2d at 424. Because no personal waiver by Balduc appears on the record, we must remand to allow him either to personally waive his right to a jury trial, or to exercise his right to be tried by a jury in the event of retrial.

■ 4. Balduc argues that there is insufficient evidence that he obstructed legal process by tossing the marijuana plants during the execution of the search warrant and that the evidence of this offense must be suppressed as fruit of the illegal search.

■ Evidence of a crime committed in response to an illegal arrest or search is generally not suppressed as a fruit of the prior illegality. *See City of St. Louis Park v. Berg,* 433 N.W.2d 87, 89–90 (Minn.1988) (assault on police officers who illegally entered defendant's house should not be suppressed); *State v. Combs,* 394 N.W.2d 567, 569 (Minn. App.1986) (assault and obstructing legal process evidence were not suppressible), *rev'd on other grounds,* 398 N.W.2d 563, 565 n. 2 (Minn.1987). An attempt to dispose of incriminating evidence, however, is a predictable and common response to an illegal search. 4 Wayne R. LaFave, *Search and Seizure* § 11.4(j), at 459–60 (2d ed. 1987). The proper application of the exclusionary rule requires that evidence of such an attempt be suppressed if the initial police intrusion was illegal. *Id.*[1]

---

1. Whether Balduc's confession to this offense should be suppressed as a fruit of the illegal search must be analyzed based on the facts of the

case. *Brown v. Illinois,* 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975). Although we believe the confession was obtained at

In *Combs*, one of the defendants was charged with obstructing legal process. *Id.* at 568. However, that defendant, in response to a vehicle stop and an officer's attempt to retrieve a cup of beer inside the car, "threw the cup onto the floor, rolled the window up pinning the officer's arm and told [the driver] to 'Go now, go.'" *Id.* at 568–69. This court held that evidence of that offense was not suppressible. *Id.* at 569. The offense clearly went beyond the ordinary, predictable attempt to conceal or dispose of evidence, was closely tied to the assault on the officer, and so was not suppressible. Here, Balduc's response was limited to an attempt to dispose of incriminating evidence. That attempt was foreseeable as a consequence of the illegal search, even if it was not the object of the search. Therefore, evidence of the attempt to dispose of the mari- juana at the scene of the search must be suppressed.

## DECISION

Balduc did not waive his challenge to the particularity of the description in the search warrant. The warrant was defective and cannot be cured by the search warrant application. Balduc did not validly waive his right to a jury trial. The evidence of obstructing legal process must be suppressed.

**Reversed and remanded.**

---

least indirectly through the illegal presence of police on Balduc's premises, we need not decide this issue. Without the police observation of Balduc's act, which must be suppressed, there is no evidence to corroborate his confession. *See generally*, Minn.Stat. § 634.03 (1990) (conviction may not rest on defendant's confession without evidence that the offense was committed).