*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0996**

State of Minnesota,
Appellant,

vs.

Fredrick William Bachman,
Respondent.

**Filed January 5, 2015
Affirmed
Larkin, Judge**

Hubbard County District Court
File No. 29-CR-13-969

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donovan D. Dearstyne, Hubbard County Attorney, Park Rapids, Minnesota (for appellant)

Drake D. Metzger, Metzger Law Firm, LLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

In this pretrial prosecution appeal, the state challenges the district court's suppression of evidence and its attendant dismissal of criminal charges against respondent. The district court concluded that the evidence was the fruit of an unconstitutionally overbroad search warrant. Because the search warrant does not satisfy the particularity requirements of the United States and Minnesota Constitutions, we affirm.

**FACTS**

In May 2013, the home in which respondent Fredrick William Bachman resided burned to the ground. J.S., who owned the residence and resided there with Bachman, died in the fire. Bachman saved a number of items from the fire, including his computer hard drive and laptop (computers). Bachman told an investigator that J.S. had used the computers. The investigator asked Bachman if he could search the computers for evidence that might show that J.S. had been threatened or that might assist with the investigation of the fire. Bachman refused to consent to the search, but he allowed the investigator to take custody of the computers.

The investigator obtained a warrant to search the computers. His affidavit in support of the warrant stated that Bachman reported that J.S. had used the computers approximately one month before the fire. The affidavit noted that there was an exterior security camera on J.S.'s property and that the computer contained photographs of the residence "from every different angle, because they were going to sell the residence."

The affidavit alleged that the photographs "may help in better understanding the original layout of the residence as a reference point," noting that the deputy fire marshal had been "unable to determine . . . the source of the fire . . . and an exact location." The affidavit also alleged that the computer "may hold information through internet correspondence by email and/or chat sites for [J.S.]" and that "there may be data or photographs on the computer that will identify persons closely associated with [J.S.] for interviewing purposes."

Although the affidavit specifically described the objects of the search, the resulting warrant broadly authorized a search of the computers for "Photographs, Internet Searches, Communications including but not limited to e-mail, Videos, User Information, Stored Data, as well as any and all data on [the] hard drive."

The ensuing search by the Minnesota Bureau of Criminal Apprehension (BCA) revealed pornographic images of children. Upon discovering these images, the BCA suspended its search and obtained a second warrant authorizing a search for child pornography and related items. The search revealed approximately 300 photographs and videos of minor females being sexually abused and approximately 6,000 photographs of minor females in suggestive poses. Appellant State of Minnesota charged Bachman with seven counts of possession of child pornography.

Bachman moved the district court to suppress all evidence obtained from the search of the computers and to dismiss the charges against him. The district court granted Bachman's motions, ruling that "the first search warrant is invalid, and accordingly, the evidence subsequently acquired via the second search warrant is

3

suppressed as fruit of the poisonous tree." The district court reasoned that "the [first] search warrant is overbroad in every respect. [It] authorizes an improper general exploratory search, it is not as particular as the circumstances would allow, and it reaches beyond the scope of the supporting affidavit." The district court noted that even if the court assumed that the supporting affidavit established probable cause to issue a search warrant, "the scope of the [first] warrant exceeded the probable cause to support it."

The state appeals the district court's pretrial ruling.

## DECISION

### I.

When appealing a pretrial suppression order, the state must "clearly and unequivocally" show that the district court's order will have a critical impact on the state's ability to prosecute the defendant successfully and that the order is erroneous. *State v. Scott*, 584 N.W.2d 412, 416 (Minn. 1998). The critical-impact standard is met when the likelihood of a successful prosecution is significantly reduced by the unavailability of suppressed evidence. *State v. McGrath*, 706 N.W.2d 532, 539 (Minn. App. 2005), *review denied* (Minn. Feb. 22, 2006). Because the district court suppressed the evidence on which the charges were based and dismissed the charges, the critical-impact standard is met. *See State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (stating that because the suppression of evidence led to the dismissal of the charges, the suppression had a critical impact on the outcome of the case).

4

## II.

The United States and Minnesota Constitutions specifically require that search warrants be supported by probable cause and particularly describe the place to be searched, as well as the person or things to be seized. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. "The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Massachusetts v. Sheppard*, 468 U.S. 981, 988 n.5, 104 S. Ct. 3424, 3427 n.5 (1984). "[A] [s]earch warrant is facially invalid [under the United States and Minnesota Constitutions] if it does not describe the items to be seized, and evidence obtained pursuant to such a warrant must be suppressed." *State v. Herbst*, 395 N.W.2d 399, 399-400 (Minn. App. 1986).

The particularity requirement prevents a "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S. Ct. 2022, 2038 (1971). "The requirement that warrants shall particularly describe the things to be seized . . . prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S. Ct. 74, 76 (1927).

The United States Supreme Court has explained that:

> The manifest purpose of [the] particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. Thus, the scope of

5

> a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 1016 (1987) (footnote omitted) (quotation omitted).  "A particular warrant also assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."  *Groh v. Ramirez*, 540 U.S. 551, 561, 124 S. Ct. 1284, 1292 (2004) (quotation omitted).

An appellate court grants the district court considerable deference when reviewing whether there was probable cause for the issuance of a warrant and whether the warrant was sufficiently particular.  *State v. Miller*, 666 N.W.2d 703, 713 (Minn. 2003).  For the purpose of our analysis, we assume, without deciding, that there was probable cause to issue a search warrant, and we focus our review on whether the resulting warrant satisfies the particularity requirement.

The Minnesota Supreme Court has stated that "when determining whether a clause in a search warrant is sufficiently particular, the circumstances of the case must be considered, as well as the nature of the crime under investigation and whether a more precise description is possible under the circumstances."  *Id.* at 713.  The standard used "is one of practical accuracy rather than technical nicety."  *Id.* (quotation omitted).

As to the circumstances of this case, the state asked to search Bachman's computers based on J.S.'s limited use of them.  The state limited its request to the following specific items: J.S.'s surveillance-camera images, J.S.'s social and e-mail correspondences, and photographs of J.S.'s home.  The state did not request permission,

6

or articulate a basis, to search for any other type of material. But because the computers belonged to Bachman, items other than those requested by the state were likely to be revealed during the search, specifically, information generated by or regarding Bachman and not J.S. Under the circumstances, a more particularized warrant was necessary, which limited the search to the items regarding J.S., as described in the supporting affidavit. *See Marron*, 275 U.S. at 196, 48 S. Ct. at 76 ("The requirement that warrants shall particularly describe the things to be seized . . . prevents the seizure of one thing under a warrant describing another.").

Given the circumstances and the nature of the crime under investigation, a more precise description of the items to be seized was possible. The warrant simply had to describe the things to be seized in accordance with the description in the supporting affidavit. We recognize that if the warrant had particularly described the things to be seized, the executing agent nonetheless might have discovered the pornographic images. If that were the case, a challenge to the warrant would likely focus on its execution and not on the particularity requirement.[1] But those are not the circumstances here. The warrant in this case does not particularly describe the things to be seized according to the supporting affidavit. Instead, it uses general terms such as "Photographs, Internet Searches, Communications including but not limited to e-mail, Videos, User information, Stored Data, as well as any and all data on hard drive." That language does not

---

[1] "While officers must be clear as to what it is they are seeking on the computer and conduct the search in a way that avoids searching files of types not identified in the warrant, a computer search may be as extensive as reasonably required to locate the items described in the warrant based on probable cause." *United States v. Burgess*, 576 F.3d 1078, 1092 (10th Cir. 2009) (quotations and citation omitted).

adequately limit the scope of the warrant to the probable cause showing proffered in the supporting affidavit. And it provided virtually no limitation on the discretion of the executing officer, in contravention of the particularity requirement. *See id.* ("As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.").

The state argues that a warrant "authorizing [the] search of all content" of a computer server is not impermissibly overbroad, relying on *United States v. Richards*. 659 F.3d 527 (6th Cir. 2011). *Richards* is easily distinguishable. *Richards* involved an FBI investigation into the production and distribution of child pornography. *Id.* at 531. The warrant in *Richards* authorized the search of all content of a computer server for pornographic websites. *Id.* at 534-35. The items to be seized included "any computer files that were or may have been used as a means to advertise, transport, distribute, or possess child pornography, . . . as well as any child pornography images." *Id.* at 535. The Sixth Circuit held that the warrant was not unconstitutionally overbroad because "[t]he scope of the warrant was restricted to a search for evidence of child pornography crimes and did not permit a free-ranging search. *Id.* at 541-42. Unlike the warrant in *Richards*, the warrant here is not limited to the justification for the search. Instead, the warrant's language authorizing a search for "any and all data on [the] hard drive" invites a free-ranging search.

We note that federal caselaw does not support the state's argument. Federal courts have stated that "[t]he modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs,

and accordingly makes the particularity requirement that much more important." *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009); *see also United States v. Ganias*, 755 F.3d 125, 135 (2d Cir. 2014) (citing the quotation from *Otero* and suggesting that, given the nature of modern computer files, "[i]f anything, even greater protection is warranted"). Federal caselaw therefore requires that "warrants for computer searches must *affirmatively limit* the search to evidence of specific federal crimes or specific types of material." *Otero*, 563 F.3d at 1132 (quotation omitted).

The state also argues that although the items to be seized are "vaguely described in the warrant," they are "described with the specificity needed in the application for the warrant." "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Groh*, 540 U.S. at 557, 124 S. Ct. at 1289. The search warrant itself must be particular because:

> The presence of a search warrant serves a high function, and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection.

*Id.* at 557, 124 S. Ct. at 1290 (quotation and citation omitted).

Nonetheless, most federal courts of appeal have held that a court "may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Id.* at 557-58, 124 S. Ct. at 1290. This court has similarly held that "an affidavit may be used to cure a deficient warrant if the affidavit and warrant are

9

physically attached to one another and the warrant refers to the affidavit and incorporates it by reference." *State v. Balduc*, 514 N.W.2d 607, 610 (Minn. App. 1994) (quotation omitted).

In this case, the only reference to the application and supporting affidavit in the warrant is the statement that "the application and supporting affidavit . . . was/were duly presented and read by the Court, and being fully advised in the premises . . . the Court finds that probable cause exists for the issuance of a search warrant." The state contends that this language adequately incorporates the supporting affidavit. Caselaw refutes that contention.

In *Groh*, the United States Supreme Court stated that a recitation in a warrant that "the Magistrate was satisfied the affidavit established probable cause to believe that contraband was concealed on the premises, and that sufficient grounds existed for the warrant's issuance" did not incorporate by reference the documents supporting the warrant. 540 U.S. at 555, 558, 124 S. Ct. at 1288, 1290. In *Balduc*, this court concluded that language in a warrant indicating that the supporting application was "duly presented and read by the Court" referred to the probable-cause requirement and was not linked to the description of stolen property in the application. 514 N.W.2d at 610. Because there was no "explicit reference" to the application, the search warrant, which lacked any description of the items to be seized, was defective and was not cured by the description in the application. *Id.*

The language that the state relies on here to show incorporation is similar to the language in *Groh* and *Balduc*. It merely states that the issuing district court was satisfied

10

that the application and supporting affidavit established probable cause. It does not explicitly incorporate those documents into the warrant. For example, the Eighth Circuit has suggested that appropriate words of incorporation include "see attached affidavit" and "as described in the affidavit." *United States v. Curry*, 911 F.2d 72, 77 (8th Cir. 1990). Such language directs the executing officer's attention to the affidavit; the language at issue here does not.

Moreover, the record does not indicate that the application and supporting affidavit was physically attached to the warrant on execution. At the pretrial hearing the BCA agent who executed the search testified that, to his recollection, he received "just the search warrant." Because the application and supporting affidavit did not accompany the warrant when the warrant was executed, the documents cannot be used to cure the lack of particularity in the warrant. *See Groh*, 540 U.S. at 558, 124 S. Ct. at 1290 (stating that the Supreme Court "need not further explore the matter of incorporation" where neither the supporting application nor affidavit accompanied the warrant when the search was executed); *Balduc*, 514 N.W.2d at 610 (considering whether the search warrant application accompanied the warrant when the search was executed); *Herbst*, 395 N.W.2d at 403-04 (holding that the state could not rely on a search-warrant application to cure a warrant that did not contain a particular description of the things to be seized where there was no evidence that the two documents were ever physically connected, the warrant did not incorporate the application by reference, and there was no evidence that the officers who executed the warrant possessed the application).

In sum, because the warrant did not incorporate the supporting affidavit by reference and the supporting affidavit did not accompany the warrant when the search was executed, the state may not rely on the supporting affidavit to satisfy the particularity requirement.

At oral argument, the state suggested that we should excuse the lack of particularity in the warrant because the BCA agent who conducted the search "did what we want him to do," stopped the search, and applied for a second warrant after discovering pornographic images that were not mentioned in the first warrant. We decline to do so because the United States Supreme Court has rejected a similar argument. *See Groh*, 540 U.S. at 558, 124 S. Ct. at 1290 (rejecting argument that a search conducted pursuant to an unparticular warrant was nevertheless reasonable within the meaning of the Fourth Amendment because "the search did not exceed the limits intended by the Magistrate"). In addition, because the second warrant was based on information obtained during execution of the first invalid warrant, its fruits are the indirect result of the initial unlawful search and are therefore inadmissible. *See Wong Sun v. United States*, 371 U.S. 471, 484, 83 S. Ct. 407, 416 (1963) ("The exclusionary prohibition extends as well to the indirect as the direct products of [an unlawful search].").

In conclusion, although we grant considerable deference to the issuing magistrate when reviewing a warrant for compliance with the particularity requirement, we will not uphold a warrant that is plainly invalid. The search warrant here authorized the search of "any and all data" without particularly limiting the search to the specific items described

in the affidavit supporting probable cause for the search. As a result, the search was not "carefully tailored to its justification," *Garrison*, 480 U.S. at 84, 107 S. Ct. at 1016. Instead, the warrant authorized the type of "wide-ranging exploratory search[] the Framers intended to prohibit." *Id.* The warrant therefore does not satisfy the particularity requirements of the United States and Minnesota Constitutions. Because the warrant is invalid, the district court did not err by suppressing evidence obtained as a result of the warrant.

**Affirmed.**