**STATE of Minnesota, Respondent,**

v.

**Sam ULLAND, Appellant.**

**No. C1–84–498.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Richard F. Koch, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Peter J. Kasal, McLeod County Atty., Michael Junge, Asst. County Atty., Glencoe, for respondent.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Ulland appeals his conviction for public nuisance and for cruelty to animals on the basis of the court's denial of his right to a jury trial. He also claims that the court erred by denying him a continuance. Ulland did not formally waive his right to a jury trial. We reverse and remand for new trial.

## FACTS

Between September 20 and November 1, 1983, Ulland was charged with three counts public nuisance and one count cruelty to animals arising from his operation of a livestock farm. His pretrial conference was scheduled for January 1, 1984. At the pretrial conference, Ulland appeared *pro se*. The court set the matter for a jury trial, and informed him that he could waive a jury trial by notifying the clerk of court. Furthermore, the court informed Ulland that a trial would be scheduled sometime after February 5, 1984, to allow him to hire an attorney.

On January 6, the clerk of court notified Ulland that his case was scheduled for March 8, 1984. On March 5, Ulland contacted the court by telephone to waive a jury and to state that he had retained an attorney, Richard Koch. The next day, Koch told the prosecutor that he had not yet been retained, but was considering employment by Ulland. At that time, the prosecutor allegedly told Koch that any motion for a continuance would be opposed because sixteen witnesses had already been subpoenaed. On March 8, Koch's associate accompanied Ulland for the limited purpose of moving for a continuance. Koch himself was out of town that day. The court denied the motion and proceeded to try Ulland without jury. Ulland appeared *pro se*. He was convicted of the charges against him. He was sentenced to two consecutive 90-day terms and was fined $1,540.

## ISSUE

Did Ulland waive his right to a jury trial?

## ANALYSIS

Ulland was notified that he had a right to a jury trial which could be waived only at his request. It is undisputed that Ulland informed the clerk of court that he did not want a jury trial. Even so, Ulland claims that his waiver was not valid. Under Minnesota law:

The defendant, with the approval of the court may waive jury trial provided he does so personally in writing or orally upon the record in open court, after being advised by the court of his right to trial by jury and after having had an opportunity to consult with counsel.

Minn.R.Crim.P. 26.01, subd. 1(2)(a). We construe this rule strictly. Ulland's waiver was not personally in writing, nor was it oral on the record. Ulland had not yet consulted with counsel. Because his waiver was not in accordance with Rule 26.01, it was not valid and Ulland is entitled to a jury trial.

Because of our disposition of the jury trial issue, we do not reach Ulland's contention that the court wrongfully denied him a continuance to seek counsel.

## DECISION

Reversed and remanded for new trial.