STATE of Minnesota, Respondent,

v.

Kelly SANDMOEN, Appellant.

No. C8–85–2369.

Court of Appeals of Minnesota.

July 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., John R. Hawkinson, Bovey City Atty., Grand Rapids, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Kelly Lee Sandmoen appeals from a September 11, 1985 judgment of conviction for aggravated DWI following a court trial on stipulated facts. On appeal, he claims that the conviction is invalid and must be set aside since he did not waive his right to a jury trial as set out in Minn.R.Crim.P. 26.-01, subd. 1(2)(a). He also argues that his uncounseled 1982 guilty plea to a DWI charge was improperly considered as a basis for enhancing the current charge to a gross misdemeanor when documentation introduced by the prosecutor failed to establish a factual basis for the former plea. The State failed to file a brief or move this court for an extension of time and the matter has proceeded under Minn.R.Civ. App.P. 142.03. We reverse and remand for a jury trial.

## FACTS

On June 30, 1985, appellant Kelly L. Sandmoen was arrested in the City of Bovey for drunk driving and was determined to have a blood alcohol level of .17%. Since Sandmoen had a prior conviction for DWI on April 26, 1982, the current incident was charged as a gross misdemeanor pursuant to the sentence enhancement provisions of Minn.Stat. § 169.121, subd. 3(a) (1984). An omnibus hearing was held on July 15, 1985.

At the omnibus hearing, in response to Sandmoen's motion to dismiss the gross misdemeanor charge, the prosecutor introduced documents from the county court file in the 1982 offense which listed the crime as "DWI (over .10%)." This included a Petition to Plead Guilty and a Statement of Rights, both signed by Sandmoen, a notice of revocation, and a traffic citation signed by the arresting officer, but not signed by Sandmoen. Both the notice of revocation and the traffic citation included breathalyzer results of .13% and were admitted over defense objection.

The omnibus court concluded that the trial court in the earlier case had adequately discharged its obligation to ascertain a factual basis for the plea and ruled that the 1982 DWI conviction could be used to enhance the current charge into a gross misdemeanor. Sandmoen then entered a plea of not guilty. On September 11, 1985, Sandmoen's counsel, in his presence, informed the trial court that the matter would proceed to a court trial on stipulated facts prepared by the prosecutor. Sandmoen's sole objection to the stipulation concerned inclusion of a certified copy of his driving record and his temporary license. The trial court sustained these objections, but adopted the stipulation in all other respects.

On the record, the trial court found:

[T]here is sufficient factual basis to warrant the conviction of the defendant, he is guilty of the offense of driving while under the influence, aggravated by reason of subsequent conviction contrary to Minnesota Statutes 169.121, Subd. 1(a) and Subd. 3(a).

Prior to sentencing, defense counsel noted that Sandmoen was a recent graduate of Homes, Inc., a support and educational facility designed to help individuals with mental disabilities work into the mainstream. He further noted Sandmoen was currently employed with the Sheltered Workshop in Hibbing, Minnesota. The trial court sentenced Sandmoen to a six-month jail sentence and ordered him to pay fines totalling $850. Five months of the six-month jail sentence were suspended for two years, during which time Sandmoen was placed on supervised probation.

## ISSUES

1. Did the trial court properly determine that appellant's prior uncounseled DWI plea, entered by petition, could be used to enhance a current DWI charge into a gross misdemeanor when the record of the prior proceeding, as a whole, established an adequate factual basis for the plea?

2. Is a gross misdemeanor conviction entered following a court trial on stipulated facts valid when the defendant did not personally waive his right to trial by jury?

## ANALYSIS

1. We note from the outset that appellant does not collaterally attack the prior DWI conviction on constitutional grounds by contending that his waiver of counsel was invalid. Indeed, in *State v. Clark*, 361 N.W.2d 104, 107 (Minn.Ct.App.1985), we held that a signed petition to plead guilty was prima facie evidence of a valid waiver of counsel. As such, the present case is to be distinguished from a class of cases represented by *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983), and *State v. Medenwaldt*, 341 N.W.2d 885, 887 (Minn. Ct.App.1984), where a prior DWI conviction

could not be used to enhance a subsequent DWI offense into a gross misdemeanor absent a valid waiver of counsel on the record. Instead, we turn our attention to appellant's claim that the factual basis for the former plea is insufficient and thus, an inappropriate basis for enhancing the current charge to a gross misdemeanor under Minn.Stat. § 169.121, subd. 3(a).

Minimal standards for on-the-record questioning of a defendant before a misdemeanor plea is accepted are set out in Minn.R.Crim.P. 15.02. These standards are incorporated into Minn.R.Crim.P. 15.03, which provides alternate methods of accepting a misdemeanor plea: through group warnings under subdivision 1 or by written petition under subdivision 2. In the present case, the latter alternative was used. Stated in full, Minn.R.Crim.P. 15.03, subd. 2 provides:

**Petition to Plead Guilty.** The defendant or his attorney may file with the court a petition to plead guilty as provided for in the Appendix B to Rule 15 signed by the defendant indicating that he is pleading guilty to the specified misdemeanor offense with the understanding and knowledge required of defendants personally entering a guilty plea under Rule 15.02.

The guilty plea form contained within Appendix B to Rule 15 provides in pertinent part:

[Name], defendant in the above entitled action respectfully represents and states as follows:

\*  \*  \*  \*  \*  \*

2. That he hereby pleads guilty to the offense of (name of offense) in violation of (statute or ordinance);

3. That he is pleading guilty because he committed the following acts: (state sufficient facts to establish a factual basis for the plea);

In the present case, similar inquiries were answered as follows:

Kelly Lee Sandmoen, defendant in the above-entitled matter, respectfully represents and states as follows:

\*  \*  \*  \*  \*  \*

3. That he understands that he is charged with DWI (over 0.10%) in violation of M.S.A. 169.121.

4. That he pleads GUILTY to the offense as stated above because he committed the following acts: set forth above.

Appellant claims that our holding in *State v. Stewart,* 360 N.W.2d 463 (Minn.Ct. App.1985), compels a similar result here. We disagree. In *Stewart,* the defendant was given his constitutional rights in a group advisory. As further required by Rule 15.03, subd. 1, the trial court conducted interrogation of the defendant on the record, but failed to elicit any details underlying the charge including location and date of the DWI offense and results of the defendant's blood alcohol test. *Id.* at 465.[1]

Noting that the combination of group advisories and uncounseled guilty pleas required "even closer scrutiny" than pleas entered with benefit of counsel, the *Stewart* court held that inquiry into the factual basis for the plea was inadequate and prevented enhancement of the pending DWI into a gross misdemeanor. *Id.* at 461; *see also State v. Grunewald,* 378 N.W.2d 55, 58 (Minn.Ct.App.1985) (individual on the record questioning required after defendant signs a "statement of rights" form did not establish a factual basis for the plea and failed to adequately inform defendant of his rights as listed in Rule 15.02, subds. 5, 6, and 7); *accord State v. Hanson,* 360 N.W.2d 460, 462 (Minn.Ct.App.1985) (the closest scrutiny is required when the defendant is given a group advisory and enters his plea without benefit of counsel).

■ In the present case, appellant was not given a group advisory, but instead signed a petition and a statement of rights. This creates a presumption that the defendant knowingly and intelligently waived his constitutional right to counsel, a point appellant does not rebut. *See Clark,* 361 N.W.2d at 107. It necessarily follows that the "closest scrutiny" found in *Stewart* and *Hanson* is not dictated under the present facts. This does not, in any way, imply that only cursory attention need be paid to inquiries contained within a petition to plead guilty. Rule 15.03, subd. 2 clearly requires that a petition incorporate the elements of Rule 15.02, *including a sufficient factual basis for the plea.*

■ *Stewart* is distinguishable from the present case because the record of the prior hearing, which consisted solely of the trial court's interrogation of the defendant, failed to demonstrate any inquiry whatever into facts underlying the DWI arrest. Here, in addition to the petition and statement of rights, the prior record contained a notice of revocation, dated two days before the plea was entered, and a traffic citation, both of which referenced a breathalyzer result of .13%. These latter documents need not be admissible at trial to be considered in determining a factual basis for the plea. "To put a factual basis on the record for accepting a guilty plea, a trial court can make use of law enforcement investigation reports." *Stewart,* 360 N.W.2d at 465.[2]

---

1. The individual interrogation in *State v. Stewart,* 360 N.W.2d 463 (Minn.Ct.App.1985), consisted of the following:

   Court: You are Dale Stewart?
   Defendant: Yes.
   Court: You have been charged with Driving While Intoxicated, Speeding, a hundred miles an hour, and Having an Open Container of an Alcoholic Beverage in a Motor Vehicle. Have you discussed these matters with an attorney?
   Defendant: No.
   Court: Do you want to?
   Defendant: No.
   Court: To the charge of Driving While Intoxicated, how do you plead?
   Defendant: Guilty.

   In *State v. Motl,* 337 N.W.2d 664 (Minn.1983), questions relating to street location and date of the offense as well as results of a blood test were deemed to be among the "absolute bare minimum" acceptable in gross misdemeanor DWI cases. *Id.* at 666. The *Motl* court ultimately held that the prior proceeding adequately established a valid waiver of counsel and that the prior plea could be used to convert the subsequent offense into a gross misdemeanor.

2. We do not interpret this language to mean that a trial court's use of investigative reports is confined to full on-the-record questioning under Rule 15.02 or to group advisories under Rule 15.03, subd. 1. Under Rule 15.09, when a petition to plead guilty pursuant to Rule 15.03, subd. 2 is used, a verbatim record of the pro-

■ When viewed as a whole, the prior record supports the conclusion that an adequate factual basis existed at the time the plea was entered. We expressly note, however, our preference for more detailed responses to the factual inquiry in the petition. This is not an undue burden on law enforcement personnel and would eliminate needless confusion. Moreover, the process of establishing a factual basis for the plea should not be met with resistance by trial courts, but instead recognized as an unambiguous requirement beyond any admission by the defendant under Minn.R.Crim.P. 15.

2. It is clear that appellant was entitled to a jury trial, since a conviction for his gross misdemeanor offense could, and in fact did, carry with it punishment by incarceration. *See* Minn.R.Crim.P. 26.01, subd. 1(1). Under the Minnesota Rules of Criminal Procedure, however, a defendant may elect to waive his right to trial by a jury and instead submit the issue of his guilt or innocence to the court as fact-finder. Minn.R.Crim.P. 26.01, subd. 1(2)(a) provides:

(a) Waiver Generally. The defendant, with the approval of the court may waive jury trial *provided he does so personally in writing or orally upon the record in open court,* after being advised by the court of his right to trial by jury and after having had an opportunity to consult with counsel. (Emphasis supplied.)

Here, however, defense counsel purported to waive a jury trial on behalf of his client.

In *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), a defendant entered a "conditional guilty plea" by pleading guilty and expressly reserving his right to appeal the denial of his motion to suppress evidence on constitutional grounds. The court discussed the traditional viewpoint in Minnesota, pursuant to Minn.R.Crim.P. 14.01, that once a guilty plea has been entered by a counseled defendant, "it operates as a waiver of all nonjurisdictional defects, including Fourth Amendment claims." *Loth-*

*enbach,* 296 N.W.2d at 857. To bypass this "ban" on conditional guilty pleas and obtain review of pre-trial decisions, the court approved a practice adopted in other jurisdictions whereby the defendant would "enter a plea of not guilty, waive his right to jury trial, and then stipulate to the prosecutor's case." *Id. See also State v. Faber,* 343 N.W.2d 659, 660 (Minn.1984). The omnibus record in the present case demonstrates that this is what defense counsel was attempting to do:

MR. MUHAR [defense counsel]: I guess I'm presently contemplating right now, because this is the second [DWI offense], that * * * if I can get the prosecution to agree, by stipulated facts, before the Court, and at least that's what I'm considering, and *then we would have a conviction of which would be appealable.* But I'll discuss that later with them. (Emphasis supplied.)

■ While the argument may be made that a defendant's *attorney* should be allowed to enter a plea of not guilty, waive a jury trial, and present a stipulation to the prosecutor's case, we are persuaded that the *Lothenbach* court never intended that its approved procedure conflict with Minn. R.Crim.P. 26.01, subd. 1(2)(a), which requires that a *defendant* waive his right to trial by jury. Indeed, *Lothenbach* specifically approved the procedure by which "the *defendant* [would] enter a plea of not guilty, waive his right to a jury trial, and then stipulate to the prosecution's case." *Lothenbach,* 296 N.W.2d at 857 (emphasis supplied). Thus, even in this case, where the appellant was present when his attorney purported to waive a jury trial, the court should have addressed the appellant directly to make sure that he concurred in the waiver.

As we view the rule, strict compliance is required in order to assure that the waiver is voluntarily and intelligently made. *See State v. Pietraszewski,* 283 N.W.2d 887,

ceedings is not required. Accordingly, investigative reports contained within a file at the time the plea was entered may be considered for the purpose of determining a factual basis for the

plea, *if* such documentation will assist in demonstrating that a defendant's plea is "knowingly and voluntarily entered." *See generally* Comments to Minn.R.Crim.P. 15.

889–90 (Minn.1979). In *State v. Ulland,* 357 N.W.2d 346 (Minn.Ct.App.1984), this court specifically stated that a waiver of a jury trial under Rule 26.01, subd. 1(2)(a) would be strictly construed. *Id.* at 347. The court held that, even though the defendant had personally notified the clerk of court that he did not want a jury trial, his waiver was invalid because it "was not personally in writing, nor was it oral on the record" as dictated by Rule 26.01. *Id.*

■ We are mindful of *State v. Ford,* 276 N.W.2d 178, 183 (Minn.1979), which indicated that jury trial on a *particular issue* may be waived by counsel on behalf of his client. In *Ford,* defense counsel was asked at a reopened omnibus hearing whether he was submitting an entrapment issue to the court. Counsel responded, in the defendant's presence, that he was, but that he also wished to preserve his right to have the jury consider entrapment. *Id.* at 183. The supreme court concluded that defendant could not have it both ways: "If defense counsel's intent was to submit the due process issue and preserve the entrapment issue for the jury, he did not state this clearly at the time and, accordingly, the court was justified in concluding that the defendant wanted him to decide both the entrapment issue and the due process issue." *Id.* In response to the defendant's claim that the waiver was invalid because he did not *personally* waive his right to jury trial on the entrapment issue, the court stated:

> In [*State v. Grilli,* 304 Minn. 80, 230 N.W.2d 445 (1975)], we said that '[i]f the defendant elects to have the court hear the claim, he must in open court or in writing waive a jury trial as to that issue.' * * * While we intended to make it clear that the waiver should be by defendant, not by his counsel, in this case defendant was present when his counsel made the waiver and defendant may well be said to have ratified the waiver and made it his personal act.

*Id.* at 183 (quoting *Grilli,* 304 Minn. at 95, 230 N.W.2d at 455) (footnote omitted) (The footnote referred to in *Ford* states that the

language was similar to Minn.R.Crim.P. 26.01, subd. 1(2)(a)). *Ford,* however, related only to a waiver of a jury trial on the particular issue of entrapment. We will not extend the *Ford* decision to this case, which involves the waiver of a jury trial on all issues. We do not speculate to what extent in other situations *Ford* and *Lothenbach* might allow an attorney to waive a jury trial on behalf of his client.

Here, at the September 11, 1985 trial, in the presence of the appellant, the following exchange took place:

> THE COURT: Is this stipulation for trial then, gentlemen?
>
> DEFENSE COUNSEL: That's correct.
>
> *     *     *     *     *     *
>
> THE COURT: Trial to the Court?
>
> DEFENSE COUNSEL: That's correct.

The record presented here is inadequate to reflect a full and free waiver by the appellant of his right to a jury trial as required by Rule 26.01, subd. 1(2)(a). The rule has a clear meaning—to guarantee the right of jury trial unless the record shows a clear waiver by the defendant himself either orally or in writing.

Trial courts are cautioned to make a more complete record to support a waiver of jury trial. Here, the trial court could have made the record clear by simply inquiring of the appellant whether he concurred in the stipulation submitted by his attorney to try the case to the court alone, without a jury. This kind of direct inquiry to the defendant would have met the minimum criteria needed to comply with the rule.

## DECISION

The trial court did not err in using appellant's prior DWI conviction to enhance a subsequent conviction to gross misdemeanor when the prior conviction was entered pursuant to a valid waiver of counsel and when the record as a whole established an adequate factual basis for the plea. A defendant must waive his right to a jury trial personally in writing or orally in open court even when, as here, defense counsel

proceeds according to *State v. Lothenbach* in the presence of defendant. We reverse and remand for a jury trial.

Reversed and remanded.