STATE of Minnesota, CITY OF MANKATO, Appellant,

v.

Ronald Albert BLOEMKE, Respondent.

No. C9-87-1140.

Court of Appeals of Minnesota.

Sept. 8, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. McCauley, Mankato City Atty., Patricia M. Fair, Asst. City Atty., Mankato, for appellant.

C. Paul Jones, State Public Defender, Melissa Sheridan, Asst. State Public Defender, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN,* JJ.

### OPINION

A. PAUL LOMMEN, Acting Judge.

This appeal is from a pretrial order dismissing the gross misdemeanor DWI count of a two-count DWI prosecution against respondent Ronald Bloemke. We affirm.

### FACTS

Respondent Ronald Bloemke was arrested in the City of Mankato for driving while under the influence on January 26, 1987.

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. 6, § 2.

His driving record revealed a prior DWI conviction on September 13, 1983. He was therefore charged with a gross misdemeanor DWI under Minn.Stat. § 169.121, subd. 3(a) (1986), as well as a misdemeanor DWI. Bloemke moved to dismiss the gross misdemeanor charge, claiming there was an insufficient record to show a factual basis for the prior DWI so it could be used to enhance the current charge.

Bloemke pleaded guilty in the 1983 DWI prosecution. He appeared at a hearing in North Mankato on September 13, 1983, at which the Nicollet County Court took his plea. He also signed a Petition to Enter Plea of Guilty. Minn.R.Crim.P. 15.03, subd. 2. Bloemke was represented by an attorney at the guilty plea hearing, and his counsel signed the petition.

At the hearing, the court questioned Bloemke briefly concerning his understanding of his rights, and of the charge. The following questioning of Bloemke and his attorney focused on the factual basis for the plea:

THE COURT: Mr. Johnson, I notice on the ticket it's 169.122, but it does say driving while intoxicated and with a alcohol concentration of 0.10 or more. I assume you have no objection on us proceeding on the charge rather than the statute number?

MR. JOHNSON: I do not, Your Honor, and the police reports indicate that it's suppose to have been the driving under the influence charge.

THE COURT: All right, was there a chemical test in this matter, Mr. Johnson?

MR. JOHNSON: Yes, there was.

THE COURT: Do you know what kind it was?

MR. BLOEMKE: Breath test.

THE COURT: Do you know the results?

MR. BLOEMKE: No I don't, Your Honor.

THE COURT: Well, if they say .31 do you accept that as being accurate, Mr. Johnson?

MR. JOHNSON: Yes, I would.

THE COURT: Mr. Bloemke, do you also accept that as being correct?

MR. BLOEMKE: Yes, Your Honor.

The Petition to Enter Plea of Guilty provides a question to establish the factual basis. Bloemke's petition states, "Accepts the test results of .31 as being true and accurate."

The trial court concluded it was not shown there was a sufficient factual basis for using the 1983 conviction.

### ISSUE

Did the trial court err in concluding the factual basis for the prior DWI plea was insufficient?

### ANALYSIS

The factual basis as explicitly stated both in the hearing and in the petition, is limited to the admission that Bloemke accepted the (breath) test results of .31 blood alcohol concentration. As the trial court noted, there is no reference to the place, date or time of the offense, or to the allegation Bloemke was driving a motor vehicle. *See State v. Stewart*, 360 N.W.2d 463, 465 (Minn.Ct.App.1985) (the factual basis must include location and date of offense and blood alcohol test results).

We note that in the earlier proceeding both his attorney and the trial court referred on the record to documents which might have established the other elements of the offense.

■ The questioning by the Nicollet County Court on the factual basis was deficient, as the trial court found. A court may also, however, make use of law enforcement investigation reports in establishing the factual basis. *State v. Stewart*, 360 N.W.2d at 465. In *State v. Sandmoen*, 390 N.W.2d 419, 423 (Minn.Ct.App.1986), this court held an adequate factual basis was shown by a Rule 15 petition to plead guilty, supplemented by the documents in the file at the time of the plea:

Here, in addition to the petition and statement of rights, the prior record contained a notice of revocation, * * * and a traffic citation, both of which referenced a breathalyzer result of .13%.

*Id.* at 422.

In *Sandmoen*, the prosecution in the gross misdemeanor DWI proceeding pro-

duced the documents from the file on the earlier conviction. *Id.* at 420. In *State v. Clark*, 361 N.W.2d 104, 107 (Minn.Ct.App. 1985), we indicated this issue should be raised at the omnibus hearing to permit the State to obtain the records prior to trial. Here, the State had the opportunity to obtain the traffic ticket and police reports. However, the documents are not a part of the record. They were neither offered nor received. They have not been read into the record. As a result, it is a matter of conjecture as to what they contained. They may show the location and date of the offense. They may also show that appellant was driving a motor vehicle in an intoxicated condition on a street or highway. On the other hand, they may not show what we expect.

The trial court bears the primary responsibility to question a defendant to make sure there is a factual basis for the plea. *State v. Milton*, 295 N.W.2d 94 (Minn.1980). The court may make use of law enforcement reports in satisfying itself of the factual basis. *State v. Stewart*, 360 N.W.2d at 465; *State v. Sandmoen*, 390 N.W.2d at 422. Even with this broad rule, it appears on review of the record that the factual basis for the plea is inadequate. The fact that appellant was represented by counsel and pleaded guilty does not justify waiving the requirements of Minn.R.Cim.P. 15.02 as to establishing a factual basis for the plea. The rule provides: The court *shall* then determine whether there is a factual basis for the plea. *Id.* (emphasis added).

### DECISION

The trial court did not err in determining that the factual basis for the earlier DWI guilty plea was insufficient.

Affirmed.