**STATE of Minnesota, Respondent,**

v.

**Lauro Balleza MARTINEZ, Appellant.**

No. C2–02–333.

Court of Appeals of Minnesota.

March 4, 2003.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Roger S. Van Heel, Stearns County Attorney, St. Cloud, MN, for respondent.

John M. Stuart, Minnesota Public Defender, Lawrence Hammerling, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge, G. BARRY ANDERSON, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Lauro Balleza Martinez challenges his conviction of first-degree controlled-substance crime in violation of Minn.Stat. § 152.021, subds. 1(1) and (3)(a) (2000). Martinez argues that the district court abused its discretion by denying his pre-trial request to impeach a police officer with an untrue statement that the officer made in the course of interrogating Martinez, even though Martinez had successfully moved to suppress his statements made during the interrogation as involuntary. Martinez also argues that he did not properly waive his right to a jury trial. Because the district court did not abuse its discretion by denying use of the untrue

statement to impeach the officer, and because Martinez waived his right to a jury trial on the record, we affirm.

## FACTS

Appellant Lauro Balleza Martinez was charged with a first-degree controlled-substance crime, in violation of Minn.Stat. § 152.021, subds. 1(1) and (3)(a), for selling 13 grams of cocaine in a "controlled buy." While interrogating Martinez, a police officer misrepresented the number of controlled buys that the police had made from Martinez. The officer intentionally used the misrepresentation as a tactic to gain Martinez's cooperation in a larger investigation.

The district court granted Martinez's motion to suppress statements he made during the interrogation. The district court found that, although no single police statement was overly coercive, the interrogation improperly pressured Martinez by threatening incarceration or suggesting favorable treatment in exchange for cooperation.

Martinez then moved for permission to impeach the officer with his false statement and for an order barring the state from attempting to rehabilitate the officer by introducing any part of the suppressed interrogation. The district court denied the motion, concluding that the officer's statement was probably not indicative of a general character for truthfulness and that the prejudice resulting from such use of the statement, out of context, outweighed its probative value.

Martinez agreed to submit his case to the district court on stipulated facts, under Minn. R.Crim. P. 26.01, subd. 3. The district court found Martinez guilty, and he was sentenced. This appeal followed.

## ISSUES

I. Is an untrue statement used by a police officer as a tactic during an interrogation probative of the officer's truthfulness or untruthfulness such that it could be used to impeach the officer's credibility?

II. Did the district court abuse its discretion by determining that use of a police officer's untrue statement to impeach his trial testimony would be overly prejudicial when the prosecution was precluded from introducing evidence of the context of the statement?

III. Did Martinez knowingly waive his right to a jury trial?

## ANALYSIS

### I.

District courts are afforded broad discretion in evidentiary rulings. *State v. Aubid*, 591 N.W.2d 472, 478 (Minn. 1999). Absent a clear abuse of discretion, a district court's evidentiary rulings will not be disturbed on appeal. *State v. Bjork*, 610 N.W.2d 632, 636 (Minn.2000).

A witness's credibility may be attacked by specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness. Minn. R. Evid. 608(b). Martinez characterizes the officer's untrue statement as "a legitimate piece of impeachment evidence." But the district court noted that the officer's untrue statement is not necessarily legitimate impeachment evidence. We agree.

Use of false statements by police officers during interrogations of suspects has been widely discussed, particularly in the context of how such deceit affects the voluntariness of a suspect's statement. *See State v. Thaggard*, 527 N.W.2d 804, 808–9

(Minn.1995) (quoting at length the Commentary to § 14.04 of the Model Code of Pre-Arraignment Procedure (1975)). The supreme court has consistently held that use of trickery and deceit as a police tactic does not necessarily make the suspect's response involuntary. *Id.* at 810 (declining to adopt a per se rule of exclusion, but cautioning police that they proceed at their own risk when they use deception); *State v. Moorman,* 505 N.W.2d 593, 600 (Minn. 1993) (holding that officer's false statement to suspect during interrogation did not make confession involuntary where interrogating officers used no threats or intimidation, defendant had experience in criminal-justice system, and defendant was of sufficient age and intelligence to understand situation in which he found himself); *State v. Williams,* 535 N.W.2d 277, 287 (Minn.1995) (stating that trustworthiness of confession should not always be discounted because investigative officers might have made discursive or imprecise statements to defendant); *Frazier v. Cupp,* 394 U.S. 731, 739, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969) (holding that police misrepresentation to suspect during interrogation did not render confession involuntary).

Despite the risk that use of deceptive statements will result in exclusion of a statement, there is no authority suggesting that use of deception as a tactic implicates an officer's credibility under oath. We conclude that use of a deceptive statement as an interrogation technique is generally not relevant to a determination of an officer's character for truthfulness. The district court did not abuse its discretion in this case by denying Martinez's request to impeach the officer with the untrue statement on the basis that the statement was not probative of the officer's truthfulness.

## II.

The district court also reasoned that, even if the statement is probative of the officer's truthfulness, admitting the officer's statement out of context would result in unfair prejudice to the state that would outweigh any probative value. The state was precluded from introducing context evidence because involuntary statements cannot be used for *any* purpose at trial. *Mincey v. Arizona,* 437 U.S. 385, 401–2, 98 S.Ct. 2408, 2418, 57 L.Ed.2d 290 (1978); *State v. Sutherlin,* 396 N.W.2d 238, 243 (Minn.1986) (holding that state may not use coerced statement even for impeachment). Therefore, the district court denied Martinez the use of the untrue statement to impeach the officer's character because its prejudicial effect outweighed its probative value.

■ Martinez argues that holding his use of the officer's untrue statement "hostage" to the introduction of related suppressed statements amounts to the *indirect* use of the coerced statement to limit his defense, in violation of the principle that the coerced statement cannot be used for any purpose. We disagree.

When a * * * recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Minn. R. Evid. 106. The district court correctly concluded that in this case, but for suppression of the interrogation, the state would be entitled to introduce context evidence to explain the officer's use of the untrue statement. The district court did not abuse its discretion by excluding use of the statement for impeachment on the ground that admission of the officer's statement out of context was more prejudicial than probative. *See* Minn. R. Evid. 403 (providing that even relevant evidence

may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice).

## III.

■■■ In order to submit a case to the district court for trial on stipulated facts, a defendant must waive the right to a jury trial either in writing or orally on the record. *State v. Sandmoen,* 390 N.W.2d 419, 424 (Minn.App.1986). The defendant must also waive other rights associated with a contested trial in writing or orally on the record. Minn. R.Crim. P. 26.01, subd. 3. Martinez was asked about each right enumerated in Minn. R.Crim. P. 26.01, subd. 3, and orally waived his right to a jury trial on the record. Martinez's claim that he did not properly waive his rights is without merit.

## DECISION

The district court did not abuse its discretion by concluding that a police officer's false statement used as an interrogation tactic generally does not constitute conduct probative of truthfulness or untruthfulness for purposes of impeachment. The district court did not abuse its discretion by determining that prejudice resulting from Martinez's use of an officer's statement, when the state is precluded from offering evidence of the context of the statement, outweighed the probative value of the statement. Martinez voluntarily waived his right to a jury trial on the record.

**Affirmed.**