STATE of Minnesota, Respondent

v.

Michael S. KNOLL, Appellant.

No. A06–1245.

Court of Appeals of Minnesota.

Oct. 16, 2007.

Lori Swanson, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, MN; and Brian J. Melton, Clay County Attorney, Moorhead, MN, for respondent.

John Stuart, State Public Defender, Jessica Godes, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; LANSING, Judge; and PETERSON, Judge.

## OPINION

LANSING, Judge.

In this appeal from conviction of motor-vehicle theft and fifth-degree possession of a controlled substance, Michael Knoll argues that the Clay County District Court improperly denied his evidence-suppression motion and failed to obtain a sufficient waiver of his rights before the case was submitted to the court under the procedure provided in *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). Because Knoll did not waive the rights described in Minn. R.Crim. P. 26.01, subd. 3 (2005), Knoll's waiver was incomplete, and we reverse and remand.

## FACTS

Michael Knoll was arrested in September 2005 and charged with motor-vehicle theft, second-degree driving while impaired, fourth-degree controlled-substance possession, and fifth-degree controlled-substance possession. Knoll moved to suppress all of the evidence collected following his arrest, arguing that he was illegally seized when a Clay County sheriff's deputy detained him while the deputy ran a warrant check without probable cause. The district court agreed that Knoll was unlawfully seized but held that the evidence was admissible under the in-evitable-discovery exception to the exclusionary rule.

In light of the suppression ruling, the parties agreed to submit the case to the court under the procedure provided in *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), and to dismiss the fourth-degree controlled-substance charge. On questioning by the court, Knoll waived his right to a jury trial. But nothing in the record indicates that Knoll waived his rights to testify at trial, to confront the witnesses against him, and to subpoena favorable witnesses. The state acknowledges that Knoll's waiver did not conform to the procedures in Minn. R.Crim. P. 26.01, subd. 3, but asserts that it was nonetheless adequate because the waiver was made personally on the record in open court after being advised of the right to trial and having an opportunity to consult with counsel.

Following submission of the case, the court found Knoll not guilty of second-degree driving while impaired and guilty of motor-vehicle theft and fifth-degree controlled-substance possession. Knoll now appeals.

## ISSUE

■ Does agreement to submit a case for trial under the procedure provided in *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), require that the defendant expressly waive the rights to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question these prosecution witnesses, and to require any favorable witnesses to testify for the defense in court?

## ANALYSIS

■ The state and federal constitutions provide a criminal defendant with the right

to a jury trial, to testify at trial, to confront the witnesses against him, and to subpoena favorable witnesses. U.S. Const. amend. VI.; Minn. Const. art. I, § 6. When a defendant waives a jury trial or agrees to a trial on stipulated facts, the Minnesota Rules of Criminal Procedure require that the defendant make an express waiver of specified trial rights. Minn. R.Crim. P. 26.01, subds. 1, 3 (2005). If the district court does not strictly comply with this requirement, the subsequent conviction must be reversed. *State v. Halseth,* 653 N.W.2d 782, 786–87 (Minn.App. 2002) (granting new trial when defendant failed to provide express waiver before trial on stipulated facts); *State v. Sandmoen,* 390 N.W.2d 419, 423–24 (Minn.App. 1986) (noting that waiver requirements in Minn. R.Crim. P. 26.01, subd. 1, should be strictly construed).

Knoll agreed to a trial conducted under the procedure established in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). He expressly waived his right to a jury trial, but he did not waive his rights to testify, to confront the witnesses against him, and to subpoena favorable witnesses. The state argues that, because a *Lothenbach* trial is not a stipulated-facts trial, Minn. R.Crim. P. 26.01, subd. 3, does not apply and Knoll was not required to provide an express waiver of those rights.

■ The state is correct that a *Lothenbach* trial is not identical to a standard stipulated-facts trial. In *Lothenbach,* the supreme court held that Minnesota does not permit conditional guilty pleas, but the court sanctioned a procedure whereby a defendant pleads not guilty, waives his right to a jury trial, and stipulates to the facts in the prosecutor's case. 296 N.W.2d at 857–58. This procedure allows a defendant to appeal a pretrial issue when the material facts are not disputed. *State v. Verschelde,* 595 N.W.2d 192, 194–95 (Minn.

1999). In a *Lothenbach* trial, unlike a standard stipulated-facts trial, the appeal is limited to pretrial issues. *State v. Mahr,* 701 N.W.2d 286, 291 (Minn.App. 2005), *review denied* (Minn. Oct. 26, 2005). Thus, the defendant in a *Lothenbach* trial cannot challenge the sufficiency of the evidence. *State v. Riley,* 667 N.W.2d 153, 157–58 (Minn.App.2003), *review denied* (Minn. Oct. 21, 2003).

■ Although not the standard form, *Lothenbach* trials are a type of stipulated-facts trial. Consistent with the standard form, *Lothenbach* requires that the defendant waive his trial rights and agree not to challenge the evidence. Because this central structure characterizes both, we conclude that the "stipulated facts" language in Minn. R.Crim. P. 26.01, subd. 3 (2005), refers to both *Lothenbach* trials and stipulated-facts trials. This conclusion is consistent with the comments to rule 26, subdivision 3, which specifically refer to the *Lothenbach* decision. Minn. R.Crim. P. 26.01 cmt. (2005). The defendant's trial rights are no less important in a *Lothenbach* trial than in a stipulated-facts trial. Significantly, the *Lothenbach* procedure is more comparable to a guilty-plea procedure than the standard stipulated-facts trial. This similarity weighs in favor of a more rigorous waiver requirement. Therefore, we conclude that under Minn. R.Crim. P. 26.01, subd. 3, a defendant who agrees to a *Lothenbach* trial must expressly waive the rights to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question these prosecution witnesses, and to require any favorable witnesses to testify for the defense in court.

Knoll agreed to a *Lothenbach* trial, but he did not expressly waive his rights to testify at trial, to confront the witnesses against him, and to subpoena favorable witnesses. Because strict compliance is

required, Knoll's conviction must be reversed.

A 2007 amendment to the rules of criminal procedure specifically incorporates the full-waiver requirement. The procedure for *Lothenbach* trials is now directly addressed in Minn. R.Crim. P. 26.01, subd. 4 (2007). The rule makes clear that the defendant in a *Lothenbach* trial "shall waive the right to a jury trial under Rule 26.01, subdivision 1(2)(a), and shall also waive the rights specified in Rule 26.01, subdivision 3." Thus, in future cases, the rule leaves no question that a defendant agreeing to a *Lothenbach* trial must provide an express waiver of the rights to a jury trial, to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question these prosecution witnesses, and to require any favorable witnesses to testify for the defense in court.

Because Knoll's conviction must be reversed based on his failure to waive those rights, the pretrial issues are not properly before this court. On remand, the defendant may proceed to a jury trial or provide an express waiver of his rights.

## DECISION

A defendant who agrees to a *Lothenbach* trial must expressly waive the rights to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question these prosecution witnesses, and to require any favorable witnesses to testify for the defense in court. Knoll did not waive those rights. Because strict compliance is required, Knoll's convictions are reversed and the case is remanded.

**Reversed and remanded.**