**STATE of Minnesota, Respondent,**

v.

**Cynthia Jean ANTRIM, Appellant.**

No. A08–0548.

Court of Appeals of Minnesota.

April 7, 2009.

Lori Swanson, Attorney General, St. Paul, MN, and Robert M.A. Johnson, Anoka County Attorney, Robert D. Goodell, Assistant County Attorney, Anoka, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, St. Paul, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge;
STONEBURNER, Judge; and
COLLINS, Judge.*

## OPINION

STONEBURNER, Judge.

The district court denied appellant's motion to suppress evidence. Because that issue was dispositive of the charge of fifth-degree controlled-substance crime, appellant sought to preserve the pretrial issue by stipulating to the prosecution's case, waiving a jury trial, and submitting the case to the district court for a decision. The district court found her guilty. Appellant asserts in this appeal that her conviction must be reversed because she was not

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

adequately advised of, and did not waive, her right to call witnesses favorable to the defense. Appellant also seeks review of the denial of her motion to suppress.

## FACTS

Appellant Cynthia Jean Antrim was found behind some bushes on the property of an unoccupied house to which police officers had been dispatched in response to a report of a suspected· burglary. The officers found Antrim's purse inside the house and discovered methamphetamine inside the purse. Antrim was charged with fifth-degree controlled-substance crime. Antrim moved to suppress evidence of the controlled substance, arguing that the search of her purse was unconstitutional. The district court denied the motion.

In September 2007, Antrim agreed to submit her case to the district court on stipulated facts for a determination of guilt, preserving her right to appeal the denial of her suppression motion. On the record, the district court explained the consequences of such a procedure, and counsel obtained Antrim's waiver of her right to a jury trial, to testify at trial, and to cross-examine witnesses against her. But Antrim was not advised of or asked to waive her right to compel favorable witnesses to testify for the defense. The district court found her guilty as charged and imposed a sentence. This appeal followed, in which Antrim asserts (1) that the conviction must be reversed due to inadequate waiver of her trial rights and (2) that the district court erred by denying the motion to suppress.

## ISSUE

■ Does Antrim's failure to personally waive, in writing or orally on the record, the right to require favorable witnesses to testify for the defense require reversal of her conviction following a Minn. R.Crim. P. 26.01, subd. 4 proceeding?

## ANALYSIS

■ The parties and the district court referred to the trial in this matter as a *Lothenbach* proceeding, but Minn. R.Crim. P. 26.01, subd. 4, effective April 1, 2007, implements and supersedes the procedure authorized by *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). Minn. R.Crim. P. 26 cmt. We therefore analyze this case under the requirements of Minn. R.Crim. P. 26.01, subd. 4. "The interpretation of the rules of criminal procedure is a question of law subject to de novo review." *Ford v. State,* 690 N.W.2d 706, 712 (Minn. 2005).

Minn. R.Crim. P. 26.01, subd. 4, provides that in order to proceed with a stipulated-facts trial that preserves the right to appeal a pretrial ruling:

The defendant and the prosecuting attorney shall acknowledge that the pretrial issue is dispositive, or that a trial will otherwise be unnecessary if the defendant prevails on appeal. The defendant, after an opportunity to consult with counsel, shall waive the right to a jury trial under Rule 26.01, subdivision 1(2)(a), and shall also waive the rights specified in Rule 26.01, subdivision 3. The defendant shall stipulate to the prosecution's evidence in a trial to the court, and acknowledge that the court will consider the prosecution's evidence and may find the defendant guilty based on that evidence. The defendant shall also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial. *The defendant and the prosecuting attorney must make the foregoing acknowledgements personally, in writing or orally on the record.*

Minn. R.Crim. P. 26.01, subd. 4 (emphasis added). Minn. R.Crim. P. 26.01, subd. 3, requires that "the defendant shall acknowledge and waive the rights to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question those prosecution witnesses, *and to require any favorable witnesses to testify for the defense* in court." Minn. R.Crim. P. 26.01, subd. 3 (emphasis added).

■ In *State v. Knoll*, this court held that strict compliance with the waiver requirements of Minn. R.Crim. P. 26.01, subd. 3, is a prerequisite to proceeding with a trial on stipulated facts to preserve a pretrial issue under *Lothenbach*. 739 N.W.2d 919, 921–22 (Minn.App.2007) (reversing and remanding a conviction where record did not reflect waiver of rights as required by Minn. R.Crim. P. 26.01, subd. 3). The state argues that this case is distinguishable from *Knoll* because here only the waiver of the right to compel witnesses to testify for the defense was omitted from the record.[1] But *Knoll* requires strict compliance with Minn. R.Crim. P. 26.01, subd. 3, and cannot be construed to hold that making a record of only some of the required waivers will suffice. 739 N.W.2d at 921–22.

■ The state argues that it should be presumed that Antrim was advised by counsel of the right to call witnesses or that, due to prior experience in the criminal justice system, Antrim should be presumed to have known about the right to call witnesses for the defense. In *State v. Ehmke*, we rejected a similar argument, citing *Knoll* for the holding that a defendant must personally and explicitly waive the fundamental rights set out in Minn. R.Crim. P. 26.01, subd. 3. 752 N.W.2d 117, 123 (Minn.App.2008) (rejecting state's as-

sertion that Ehmke's waiver of the right to testify could be presumed because he was extensively questioned on the record by counsel and by the district court). Neither the language of *Knoll,* nor the language of Minn. R.Crim. P. 26.01, subd. 4, permits a presumption to satisfy the unambiguous requirement of personal, on-the-record waiver of the rights specified in the rules.

■ The state also argues that the right of the defense to call witnesses is not a fundamental right and therefore failure to make a record of the waiver of this right does not require reversal. The state cites *State v. Halseth,* 653 N.W.2d 782, 785, 787 (Minn.App.2002) as support for this proposition. But the state misreads *Halseth.* Halseth's conviction on stipulated facts under Minn. R.Crim. P. 26.01, subd. 3, was reversed and remanded for a new trial specifically because the district court failed to obtain a valid waiver by him of the rights listed in Minn. R.Crim. P. 26.01, subd. 3. The discussion in *Halseth* of the distinction between fundamental rights that must be personally waived and nonfundamental rights that an attorney may waive does not imply that the right to compel favorable witnesses to testify for the defense in court is a nonfundamental right. *Id.* at 786 (stating that nonfundamental rights that an attorney may waive include decisions pertaining to the conduct of trial). In *Halseth,* this court, referring to the rights listed in Minn. R.Crim. P. 26.01, subd. 3, stated: "[b]ecause the *rights involved here are fundamental,* it was imperative that Halseth's waiver be personal, explicit, and in accordance with rule 26.01." *Id.* at 786 (emphasis added). We held that "Minn. R.Crim. P. 26.01, subd. 3 is clear and requires that a defendant *personally waive certain fundamen-*

---

1. The state asserts that the fact that Antrim was represented by counsel also distinguishes this case from *Knoll,* but Knoll was also represented by counsel.

*tal rights on the record or in writing* before a case can be tried to the court on stipulated facts." *Id.* at 787 (emphasis added). The right to require favorable witnesses to testify for the defense is guaranteed in the state and federal constitutions [2] and is a fundamental right that requires personal waiver in writing or orally on the record.

On appeal, the parties have briefed the issue of whether the district court erred in denying Antrim's motion to suppress evidence. But because Antrim's conviction must be reversed based on the failure to validly waive her right to call witnesses, the pretrial issues are not properly before this court. *Knoll*, 739 N.W.2d at 922. On remand, Antrim may provide the waivers as required by Minn. R.Crim. P. 26.01, subd. 4, or proceed in any other manner consistent with the rules of criminal procedure.

### DECISION

Because Antrim did not validly waive the right to require favorable witnesses to testify for the defense in court as required by Minn. R.Crim. P. 26.01, subds. 3 & 4, her conviction is reversed, and the case is remanded for further proceedings.

**Reversed and remanded.**

---

**2.** U.S. Const. amend. VI; Minn. Const. art. I, § 6.