*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2199**

State of Minnesota,
Respondent,

vs.

Michael Douglas Metsala,
Appellant.

**Filed July 28, 2014
Reversed and remanded
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-10-53915

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Melissa Sheridan, Assistant State Public Defender, Eagan, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Hooten, Judge; and Harten, Judge.*

---

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**JOHNSON**, Judge

After a court trial on stipulated facts, a Hennepin County judge found Michael Douglas Metsala guilty of two counts of ineligible possession of a firearm. On appeal, Metsala seeks a new trial on the ground that he did not waive his right to testify, his right to compel the testimony of favorable witnesses for his defense, or his right to cross-examine the state's witnesses. The state concedes that Metsala did not make the necessary waivers. Therefore, we reverse and remand for a new trial.

## FACTS

Metsala is prohibited by state law from possessing firearms based on a federal felony drug conviction from 2003, for which he was sentenced to 48 months in prison. In June 2010, Bloomington police found a handgun at Metsala's business and another handgun at Metsala's home when executing search warrants. While in custody, Metsala admitted that the guns belonged to him.

The state charged Metsala with two counts of ineligible possession of a firearm, in violation of Minn. Stat § 624.713, subds. 1(2), 2(b) (2010). Metsala moved to suppress the handguns and statements he made to the police. The district court denied the motion. In light of the district court's ruling, the parties agreed to present the case to the district court on a stipulation, pursuant to rule 26.01, subdivision 3, of the Minnesota Rules of Criminal Procedure. The transcript of the trial indicates that Metsala waived his right to a jury trial. But nothing in the record indicates that Metsala waived his right to testify, his right to compel the testimony of favorable witnesses for his defense, or his right to cross-

examine the state's witnesses. The district court found Metsala guilty on both counts. Metsala appeals.

## DECISION

Metsala argues only that the district court erred by not obtaining a complete waiver of the type required by rule 26.01, subdivision 3, of the Minnesota Rules of Criminal Procedure. Specifically, Metsala argues that he never effectively waived his right to testify, his right to compel the testimony of favorable witnesses for his defense, or his right to cross-examine the state's witnesses.

"When a defendant waives a jury trial or agrees to a trial on stipulated facts, the Minnesota Rules of Criminal Procedure require that the defendant make an express waiver of specified trial rights." *State v. Knoll*, 739 N.W.2d 919, 921 (Minn. App. 2007) (citing Minn. R. Crim. P. 26.01, subds. 1, 3). Those specified rights include the rights to: "(1) testify at trial; (2) have the prosecution witnesses testify in open court in the defendant's presence; (3) question those prosecution witnesses; and (4) require any favorable witnesses to testify for the defense in court." Minn. R. Crim. P. 26.01, subd. 3; *see also Knoll*, 739 N.W.2d at 922. Strict compliance with the rules is required; if a defendant does not expressly waive, in writing or orally on the record, all rights listed in rule 26.01, subdivision 3, the conviction must be reversed, and the case must be remanded for a new trial. *State v. Antrim*, 764 N.W.2d 67, 70-71 (Minn. App. 2009); *Knoll*, 739 N.W.2d at 921.

In response to Metsala's appeal, the state filed a one-paragraph brief in which it "concedes that the necessary waivers . . . were not obtained from Appellant." The state

3

agrees that "Appellant's convictions . . . should be reversed by this Court and this matter should be remanded to the district court for a new trial."

Because it is undisputed that Metsala did not make a complete waiver of the trial rights listed in rule 26.01, subdivision 3, we reverse and remand for a new trial.

**Reversed and remanded.**