*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1622**

State of Minnesota,
Respondent,

vs.

Timothy John Lopp,
Appellant

**Filed September 8, 2015
Reversed and remanded
Peterson, Judge**

St. Louis County District Court
File No. 69VI-CR-13-1433

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Leah A. Stauber, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a conviction of first-degree driving while impaired (DWI) following a trial to the court under Minn. R. Crim. P. 26, appellant argues that the

conviction must be reversed because the district court failed to strictly comply with the requirements of Minn. R. Crim. P. 26.01, subd. 4. We reverse and remand.

## FACTS

Trooper Travis Koenen stopped appellant Timothy John Lopp after Lopp failed to stop at a stop sign. When Koenen approached Lopp's vehicle, he noticed that Lopp's "eyes were bloodshot, watery, and marked with reddening, and . . . [that] a moderate odor of an alcoholic beverage" was coming from him. According to Koenen, Lopp admitted "that he did not stop at the stop sign" and that he had consumed two beers. Lopp performed and failed field sobriety tests, and when asked to take a preliminary breath test, Lopp said to Koenen, "It's going to come over. I don't want to be arrested." Koenen obtained a search warrant to obtain a blood sample from Lopp, and testing of the sample revealed that Lopp's alcohol concentration was .13.

Lopp was charged with two counts of first-degree DWI under Minn. Stat. § 169A.20, subd. 1(1), (5) (2012). Lopp made a pretrial motion to dismiss the charges and suppress evidence obtained during execution of the search warrant, arguing that Koenen lacked (1) a reasonable, articulable suspicion for the traffic stop; (2) probable cause for the arrest; and (3) probable cause to obtain the search warrant to obtain his blood sample. Following a hearing, the district court denied the motion.

The parties then appeared in district court for trial. At the beginning of the trial, Lopp's counsel told the court that the trial was to be "a stipulated facts trial per Rule 26 of the Minnesota Rules of Criminal Procedure, formerly called a *Lothenbach* procedure," and the prosecutor told the court that the parties were "stipulating to the complaint, all the

2

reports, and the video." The district court clarified that the purpose of the proceeding was "to preserve appellate review of a pretrial ruling," and defense counsel agreed.

Lopp then waived his rights to a jury trial, to testify at trial, to have defense and prosecution witnesses testify at trial, and to cross-examine the prosecution witnesses. The district court asked Lopp, "[D]o you understand that there was a pretrial issue, and that pretrial issue was that of probable cause?" Lopp said that he understood. The district court also described the pretrial issue that would be before the appellate court as the "determination of probable cause or suppression of evidence," and Lopp said that he understood.

The district court found appellant guilty on both DWI counts and imposed an executed prison sentence on one count. This appeal followed.

## D E C I S I O N

Lopp seeks reversal of his conviction and remand for a new trial, arguing that the district court failed to explain to him that all three pretrial issues were preserved for appeal and failed to obtain the prosecutor's personal acknowledgment regarding the dispositive pretrial issues as required under Minn. R. Crim. P. 26.01, subd. 4. Respondent State of Minnesota argues that Lopp waived his right to a jury trial and agreed to a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3.

Although Lopp's counsel told the district court that the trial was to be "a stipulated facts trial per Rule 26," neither party specified whether the trial was to be conducted according to subdivision 3 or subdivision 4 of rule 26. But Lopp requested a court trial after the district court denied his pretrial motion to dismiss the charges and suppress

3

evidence, and, when accepting Lopp's jury-trial waiver, the district court specifically asked whether the purpose of the proceeding was "to preserve appellate review of a pretrial ruling," and defense counsel agreed that was the purpose.

The procedure under Minn. R. Crim. P. 26.01, subd. 3, applies when the parties agree that a determination of the defendant's guilt may be submitted to and tried by the district court based on stipulated facts. The procedure under Minn. R. Crim. P. 26.01, subd. 4, must be used to preserve a specified pretrial issue for appellate review and applies when the parties agree that the district court's ruling on the pretrial issue is dispositive of the case or makes a contested trial unnecessary and submit the case for determination by the district court based on a stipulation to the prosecutor's evidence.

It is apparent that the procedure the parties intended to follow was the procedure under Minn. R. Crim. P. 26.01, subd. 4. The court trial occurred after the district court issued its pretrial ruling denying Lopp's motion to dismiss the charges and suppress evidence, the district court specifically determined that the purpose of the trial proceeding was to preserve appellate review of a pretrial ruling, and the parties stipulated to the prosecution's evidence, rather than to specific facts. All of these facts indicate that Lopp's counsel incorrectly described the procedure as a stipulated-facts trial. We will, therefore, review the court trial as a proceeding under Minn. R. Crim. P. 26.01, subd. 4.

"The interpretation of the rules of criminal procedure is a question of law that we review de novo. We interpret court rules in accordance with the rules of grammar and give words and phrases their common and approved usage." *Dereje v. State*, 837 N.W.2d 714, 720 (Minn. 2013) (quotation and citation omitted), *cert. denied*, 134 S. Ct. 1772

4

(2014). "In construing a procedural rule, we consider both the plain language of the rule and its purpose." *State v. Burdick*, 795 N.W.2d 873, 875 (Minn. App. 2011).

Minn. R. Crim. P. 26.01, subd. 4, provides, in part:

> (a)     When the parties agree that the court's ruling on a specified pretrial issue is dispositive of the case, or that the ruling makes a contested trial unnecessary, the following procedure must be used to preserve the issue for appellate review.
>
> (b)     The defendant must maintain the plea of not guilty.
>
> (c)     The defendant and the prosecutor must acknowledge that the pretrial issue is dispositive, or that a trial will be unnecessary if the defendant prevails on appeal.
>
> . . . .
>
> (e)     The defendant must stipulate to the prosecution's evidence in a trial to the court, acknowledge that the court will consider the prosecution's evidence, and that the court may enter a finding of guilt based on that evidence.
>
> (f)     The defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial.
>
> (g)     The defendant and the prosecutor must make the preceding acknowledgments personally, in writing or on the record.

The purpose of the rule is to promote efficient use of judicial resources and to preserve a defendant's right of appeal while avoiding an otherwise unnecessary jury trial. *State v. Verschelde*, 595 N.W.2d 192, 195 (Minn. 1999); *see State v. Knoll*, 739 N.W.2d 919, 922

(Minn. App. 2007) (explaining that procedure set forth in Minn. R. Crim. P. 26.01, subd. 4, was formerly known as a *Lothenbach* trial).

If a district court fails to "strictly comply" with the waiver requirements of rule 26.01, "the subsequent conviction must be reversed." *Knoll*, 739 N.W.2d at 921; *see State v. Antrim*, 764 N.W.2d 67, 71 (Minn. App. 2009) (reversing and remanding for invalid waiver in a rule 26.01, subd. 4 proceeding, requiring strict adherence to rule requirements); *State v. Bunce*, 669 N.W.2d 394, 398 (Minn. App. 2003) (reversing and remanding because defendant failed to personally waive his right to a jury trial before the case was submitted to the district court in a *Lothenbach* proceeding), *review denied* (Minn. Dec. 16, 2003).

In his pretrial motion to suppress evidence, Lopp argued that there was not (1) a reasonable, articulable suspicion of criminal activity to support the traffic stop; (2) probable cause for the arrest; and (3) probable cause to obtain the search warrant to obtain his blood sample. Lopp argues that the district court failed to strictly comply with the requirements of Minn. R. Crim. P. 26.01, subd. 4, because it failed to explain that all three of these pretrial issues were preserved for appeal.

Whether there was a reasonable, articulable suspicion of criminal activity to support the traffic stop was not identified as a pretrial issue during the exchange between Lopp and the district court at trial. Consequently, Lopp did not acknowledge that this pretrial issue was dispositive, as required under Minn. R. Crim. P. 26.01, subd. 4(c). And the prosecutor did not make any acknowledgment that any pretrial issue was dispositive

6

or that a trial will be unnecessary if Lopp prevails on appeal, as required under Minn. R. Crim. P. 26.01, subd. 4(c).

Respondent argues that there was an understanding through off-the-record discussions between the parties that all three pretrial issues would be considered dispositive if Lopp prevailed on appeal. But Minn. R. Crim. P. 26.01, subd. 4(g), provides that "[t]he defendant and the prosecutor must make the preceding acknowledgments personally, in writing or on the record." Consequently, it is not sufficient if the parties simply reach an understanding as to what pretrial issues are dispositive; the parties must acknowledge the understanding in writing or on the record. *See Antrim* 764 N.W.2d at 70 (stating that defendant's rule 26.01 waiver must be "personal, explicit, and in accordance with [the] rule" (quotation omitted)). Respondent concedes that neither form of acknowledgment occurred.

In *Burdick*, this court ruled that a stipulation to proceed under rule 26.01, subd. 4, was invalid when the parties failed to acknowledge that the pretrial issue was dispositive. 795 N.W.2d at 876-77; *see also Knoll*, 739 N.W.2d at 921-22 (reversing when required acknowledgements were deficient in *Lothenbach* proceeding, including defendant's waiver of rights to testify, confront witnesses, and subpoena favorable witnesses). Similarly here, because the parties failed to comply with the rule's strict requirements, the proceeding under rule 26.01, subd. 4, is invalid. We therefore reverse appellant's conviction and remand for further proceedings.

**Reversed and remanded**.